[No. 6228. Decided August 22, 1906.]

MARY J. SMITH, *Petitioner, Respondent,* v. JAMES P. FERRY, *Administrator of the Estate of James M. Smith, Deceased, Appellant.*[1]

HOMESTEAD—RIGHTS OF WIDOW—ABANDONMENT. A widow does not abandon her right to a homestead in a certain lot, or part with her community interest, by giving a quitclaim deed of the same for a small sum in ignorance of her right to claim a homestead therein, where upon learning her rights, she repurchased the lot for the same sum, took up her residence thereon, filed her declaration of homestead, and made application to the probate court for setting the same aside to her.

SAME—EVIDENCE OF RESIDENCE. The positive testimony of a widow that she was living upon premises which were suitable for a homestead is not overcome by proof that the house was small and contained none of the usual conveniences, and that she was away most of the daytime conducting her business in the city.

SAME—APPRAISEMENT. The statute authorizing the setting aside of a homestead to a widow by the probate court from the community real property does not require the appointment of appraisers to determine the value.

Appeal from a judgment of the superior court for King county, Griffin, J., entered January 6, 1906, in probate, setting aside a homestead to a widow, after a hearing before the court on the merits. Affirmed.

*Pierre P. Ferry* and *H. E. Peck,* for appellant.

*Wm. H. Brinker,* for respondent.

MOUNT, C. J.—This appeal is from an order setting aside lot 24, in block 68, of Gilman Park, King county, Washington, to the respondent as a homestead. The administrator of the estate of J. M. Smith, deceased, appeals.

The facts are as follows: During his lifetime, J. M. Smith and the respondent were husband and wife. They owned the lot in question as community property. On July 31,

1Reported in 86 Pac. 658.

1897, the said J. M. Smith died intestate, leaving surviving the respondent and three children. On June 28, 1898, appellant was appointed administrator of the estate. He qualified as such and entered upon the discharge of his duties. What he has done since that time does not appear. On December 28, 1905, the respondent entered upon the lot and established her residence there, and on the same day made her declaration of homestead, and on the following day duly recorded said declaration. On December 30, 1905, she presented her petition to the probate department of the superior court of King county, reciting the necessary facts, and praying for an order of the court to set aside the lot as her homestead. Notice was duly served upon the appellant as administrator. He appeared and denied the material allegations of the petition, and alleged that the value of the lot was $2,500, and that respondent had waived her right to claim the lot as a homestead because she had theretofore sold the same.

On the hearing of the petition, the evidence showed, in addition to the facts hereinbefore stated, that respondent, prior to October, 1904, did not know that she had any interest in the lot in question. About that time one Nellie Hoiby, who had purchased the lot at a tax sale, offered respondent $250 for a quitclaim deed. Respondent and her children, who were then of age, signed the deed and received the money. Subsequently the respondent, being advised that she could hold the lot as a homestead, repurchased the same from Nellie Hoiby at the same price she had sold it for. Respondent gave a mortgage back on the lot to secure the payment of the purchase price. The evidence also shows that there was a small house on the lot, and that respondent was, at the time of the trial, and ever since the 20th day of December, 1905, had been, making her home there; that the lot was worth about $1,700. Appellant offered no evidence as to the value of the lot. There is no evidence that

the estate is indebted to any one. Upon these facts being shown, the court made the order setting the lot aside to the respondent as a homestead.

Appellant alleges four errors, as follows:

"The court erred in making the order setting aside the property as a homestead for the respondent. The court erred in finding that the petitioner was residing on the premises when she filed her declaration of homestead. The court erred in finding that the property was suitable for a homestead. The court erred in finding that the property was not worth over $1,700, and in awarding homestead in the property without having the value determined by appraisers."

It is first argued that, by the conveyance to Nellie Hoiby, respondent parted with her community interest, and abandoned her homestead right, and that her repurchase of the property gave her no greater interest than her grantor had. The circumstances surrounding the transaction clearly show that the transfer to Nellie Hoiby, and the retransfer by her to respondent, placed the property as it was before the first transfer, with the exception of the mortgage and the interest of the heirs extinguished. But these transfers occurred more than a year prior to the declaration of homestead by respondent, and before she knew that she was entitled to claim a homestead. So that in any event there could have been no abandonment of the homestead right. But even if she had selected the lot as a homestead before the conveyance, that conveyance alone would not constitute an abandonment of it so that creditors might thereafter subject it to their claims. *In re Feas' Estate,* 30 Wash. 51, 70 Pac. 270.

It is next claimed that respondent was not living on the premises, and that they were not suitable for a homestead. Respondent testified upon this subject positively that she was living there, and that the premises were suitable for her residence. There was no evidence to contradict these statements, except that the house was small and contained none of the usual conveniences, and that respondent was away a good

part of the day time attending to business which she was conducting in Seattle. This was entirely insufficient to overcome the positive statements of respondent.

There was no evidence that the property was worth more than $1,700. Nor was there any request for appraisers to appraise the lot. The statute does not seem to require appraisers in a case of this kind.

Upon the whole record, the court properly set aside the lot as a homestead to respondent, and the order appealed from is therefore affirmed.

ROOT, CROW, FULLERTON, and DUNBAR, JJ., concur.