[No. 15743. Department Two. June 23, 1920.]

## In the Matter of the Estate of MIKE FICK.[1]

EXECUTORS AND ADMINISTRATORS (62)—ALLOWANCE TO WIFE—VACATION OF ORDER—FRAUD—EVIDENCE—SUFFICIENCY. An order setting aside real estate to a widow under Laws of 1917, p. 607, § 103, is properly vacated for fraud, where it was obtained by false statements as to its value and lack of personal property, and without any notice to minor heirs.

SAME (26)—REMOVAL—GROUNDS—FRAUD OF ADMINISTRATRIX. An order removing deceased's widow as administratrix of the estate is warranted where she represented that there was no personal property and failed to account for personal property and money of the value of $2,888.

Appeal from an order of the superior court for Pierce county, Card, J., entered June 16, 1919, removing an administratrix of an estate and vacating an order awarding property to the widow of the deceased, after a hearing before the court. Affirmed.

*Louis J. Muscek* and *Blackburn & Gielens,* for appellant.

*H. G. Rowland* and *Dix H. Rowland,* for respondents.

MOUNT, J.—This proceeding was brought to remove the administratrix of the estate of Mike Fick, deceased, on the alleged ground that she had misappropriated the property belonging to the estate, neglected her trust, and was attempting to secure for herself all the property of the estate; and, also, for the purpose of setting aside an order awarding to the administratrix, as widow of the deceased, fifty acres of land, on the ground that said order was obtained by fraud. The petition was filed by a minor child of the deceased through his guardian *ad litem.* Upon issues joined, the case was tried to the court, and, at the conclusion

[1]Reported in 190 Pac. 1008.

of the evidence, the trial court discharged the administratrix and set aside the order allowing to the widow fifty acres of land. The administratrix has appealed from that order.

The facts are substantially as follows: Mike Fick died intestate in Pierce county in August of 1916. At the time of his death, he owned a fifty-acre tract of land, on which was located his dwelling and farm buildings. This fifty-acre tract was subject to a mortgage of $1,000. He also had contracted to buy from one Swanson forty acres additional which adjoined the fifty acres, for the sum of $2,000. There was still due on this contract $400 at the time of Mr. Fick's death. He also left personal property of the value of something over $1,500, as found by the trial court. He left a widow and nine children, four of whom were minors. The others were married and doing for themselves.

About nine months after the death of Mike Fick, his widow, who had married one Steve Lindway in the meantime, petitioned for letters of administration upon the estate of her deceased husband. She was, in due time, appointed administratrix, qualified and gave bond, and letters of administration were issued to her. She thereupon made an inventory, describing the real estate above referred to and alleging that there was no personal property belonging to the estate. Appraisers were appointed; the fifty-acre tract was appraised at $2,910; the forty-acre tract was appraised at $2,000; another small tract at $100. After the inventory and appraisals were made, the widow petitioned the court to set aside to her the fifty-acre tract. A notice was posted, directing all persons to appear and show cause, if any, why the court should not award to Mary Fick Lindway a homestead in accordance with ch. 156, § 103 of the Laws of 1917, describing the property. No guardian *ad litem* was appointed to

represent the minor heirs and they were not represented at the hearing. At that hearing, no evidence was introduced as to the value of the property, except the appraisement which had theretofore been made. The court thereupon set over the fifty acres to the widow.

Thereafter a petition in this proceeding was filed, alleging in substance that the administratrix had neglected her trust, had misappropriated the personal property belonging to the estate, and was attempting to secure for herself all the property of the estate, and that the setting aside of the fifty acres to the administratrix was procured by fraud upon the court, because it was not shown what the value of the property was at that time. It is alleged in the petition that the value of the property at that time was largely in excess of $3,000, and that this fact was known to the administratrix.

The appellant makes a number of assignments of error, but these are discussed upon two points, as follows: First, that the court should not have set aside the order and judgment awarding the tract in question to the appellant as a homestead; and second, that the court was not justified in discharging appellant as administratrix of her husband's estate, and refusing to allow her commissions and holding her liable for the personal property collected by her.

Upon the first question, the respondent argues that the order here made was not the awarding of a homestead, but was an order made under § 103 of the act of 1917 (Laws of 1917, p. 670). It is argued that, because Mike Fick died in August of 1916, prior to the time the act of 1917 took effect, the estate is governed by the prior law, and therefore the order setting aside this fifty-acre tract was void in any event.

. It is not necessary to decide or to discuss this ques-

tion, because we are satisfied that, even if the act of 1917 applies, there is ample evidence of fraud to justify the court in vacating the order. It is not disputed that, at the time of the death of Mike Fick, the property was all community property and that he left, at the time of his death, personal property of the value of about $1,500. The widow, at the time of her appointment as administratrix, alleged that there was no personal property. When she applied to the court for an order setting aside to her this tract of land as a homestead, no proof was offered as to the value of the tract of land at that time. While there is a dispute in the evidence as to its value, the trial court found as a fact that it was worth at that time at least $5,000. The minor heirs were not represented at the hearing. At the time the order was made, none of the children resided with their mother. She had remarried Mr. Lindway and was living upon the property.

In view of these facts, and especially in view of the fact that the minors were not represented by a guardian *ad litem,* and in view of the fact that the property set over exceeded in value the sum of $3,000, and this fact was known to the appellant, we think it follows as a matter of course that the trial court was justified in setting aside that order.

We are also satisfied that the trial court was justified in removing the appellant as administratrix. The deceased, at the time of his death, left upon the farm $1,533.30 worth of personal property. The administratrix had represented to the court that there was no personal property. After her appointment she had rented the farm without accounting therefor, for sums aggregating $1,350, as found by the court; she had collected an insurance upon a burned building, $300; she had borrowed upon the forty-acre tract

some $600, making a total of $3,783.30. The court found that she accounted for, and was entitled to, a credit of $894.64, leaving a balance of $2,888.66 to be accounted for by her. We think it is plain from these findings, which are amply supported by the evidence, that the administratrix was at least neglectful of her trust, even if she was not attempting to convert to her own use all the property of the estate without considering the interest of her children.

Upon the whole record, we are satisfied with the disposition of the case made by the trial court, and the judgment is therefore affirmed.

HOLCOMB, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.