[No. 15951. Department Two. January 8, 1921.]

*In the Matter of the Estate of* BETSY ANDERSON JOHNSON.

AGNES ANDERSON YOST *et al., Appellants,* v. ELDON E. JOHNSON *et al., Respondents.*[1]

EXECUTORS AND ADMINISTRATORS (59)—ALLOWANCE TO SURVIVING SPOUSE—PETITION—SUFFICIENCY. In a petition to set aside property to a widow in lieu of a homestead, an allegation that no declaration of homestead had ever been filed, is a sufficient compliance with Laws 1917, p. 670, § 103, requiring that "no homestead has been claimed in the manner provided by law."

SAME (62)—ALLOWANCE BY COURT—DETERMINATION OF VALUE—EVIDENCE—SUFFICIENCY. The value of property set aside to a widow in lieu of a homestead is sufficiently shown where there was no evidence to contradict the value as testified to by the defendant.

SAME (60)—ALLOWANCE TO SURVIVING SPOUSE—NONRESIDENTS. A nonresident widow is entitled to the allowance of $3,000, under Laws 1917, pp. 670, 671, §§ 103, 104, providing that the home, household goods and property not exceeding $3,000 shall be set aside to the widow; since the law is not strictly a homestead or exemption law, but is based on charity to prevent dependency and is to be liberally construed; the widow being in no sense a contending party as to creditors.

SAME (64)—IMPROPER OR EXCESSIVE ALLOWANCE. An allowance to a widow in lieu of a homestead will not be set aside and a new trial

'Reported in 194 Pac. 834.

granted because the property was of greater value than found by the court, where the parties appeared in answer to the petition, and offered no evidence to show value, and made no objection to the testimony offered.

Appeal from an order of the superior court for Snohomish county, Bell, J., entered November 3, 1919, setting over the homestead allowance to the surviving spouse of the decedent, after a hearing before the court. Affirmed.

*C. T. Roscoe* (*D. W. Locke*, of counsel), for appellants.

*E. L. Turner*, for respondents.

MOUNT, J.—This appeal is from an order of the lower court setting aside $3,000 to Eldon E. Johnson, the surviving spouse of his wife, Betsy Anderson Johnson, deceased. Mrs. Johnson died in January, 1919, leaving an estate in Snohomish county of this state. She left no children. Her husband survived her and also several brothers and sisters. After Mrs. Johnson's death, Mr. Johnson was appointed administrator of her estate. The estate was appraised and administered upon by Mr. Johnson. All the debts were paid and a report was filed showing the balance of the estate was of the net value of $3,457. Mr. Johnson thereupon filed a petition asking that the sum of $3,000 in value be set off to him out of his wife's estate. He alleged in his petition no declaration of homestead was ever filed upon any of the described property by the deceased or the petitioner; that there were no mortgage liens or liens of any kind against the property; that all the debts had been paid, and that six months had elapsed since the date of the first publication of notice to creditors of said estate.

To this petition, the brothers and sisters of Mrs. Johnson filed a demurrer. This demurrer was overruled, and they thereupon filed an answer objecting to the court setting over the $3,000, upon the ground that Mr. Johnson was a resident of Oregon and not a resident of this state. This petition and answer came on to be heard and at the conclusion thereof the court made the order setting over to Mr. Johnson property valued at $3,000. The brothers and sisters of Mrs. Johnson have appealed from that order.

The appellants argue, first, that the petition is insufficient because the statute provides (Laws of 1917, p. 670, ch. 156, § 103):

"If it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court, upon such notice as may be determined by the court, upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of three thousand dollars ($3,000)."

It is argued by the appellants that, because the petition alleged "that no declaration of homestead was ever filed upon any of said described property by deceased or the petitioner," it is insufficient because it does not say, as provided by the statute, "that no homestead has been claimed in the manner provided by law." We think the allegation in the petition that no declaration of homestead was ever filed upon any of said property means the same thing as the statute which says "no homestead has been claimed in the manner provided by law." We are of the opinion,

therefore, that there is no merit in the contention that the petition is insufficient.

Appellants further argue that there was insufficient evidence to show the value of the property. The report of the administrator was on file, as was also the report of the appraisers. The administrator testified that a part of the property was worth more than the property was inventoried by the appraisers. He testified as to its value. There was no attempt upon the hearing of the petition to dispute the value which the respondent placed upon the property. We are satisfied, therefore, that the court very properly found that the property was of the value as testified to by the respondent, namely, $3,457, after all the debts had been paid.

Appellants further argue that the evidence showed that the respondent had filed upon a government homestead in the state of Oregon, and was therefore not entitled to claim the value of the homestead in this state out of his wife's separate property. The respondent testified on this question that he had filed upon government land in the state of Oregon; that he had lived on it for a time but had made no final proof thereon. He also testified that his residence was in the state of Oregon. In *In re Lavenberg's Estate,* 104 Wash. 515, 177 Pac. 328, we had occasion to pass upon this direct question where a nonresident widow was claiming $3,000 out of her husband's estate in this state. We there held that she was entitled to claim that amount under the statute and we there said upon this question:

"A judicial duty imposed by the legislature compels the setting apart of the property, and against the order of the court nothing will avail unless it be the voluntary renunciation of the widow. It is the policy of our probate law, now evidenced by §§ 103, 104, Laws

of 1917, pp. 670, 671, that compels rejection of the general rule that homesteads and lieu exemptions cannot be claimed by nonresidents. For, as against an imperative duty, no qualification of residence being imposed, the courts will look only to the relationship and not to the place of residence.''

We think the ruling in that case is decisive of the question before us. The statute which we have above quoted recites that

''The court . . . shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of three thousand ($3,000).''

No exception is made as to residence or nonresidence, and we are of the opinion that it makes no difference whether a nonresident has a home or homestead in some other state, he is entitled to what the laws of this state give to the spouse.

The appellants further argue that the trial court erred in not granting a new trial because of certain affidavits which were filed stating that the value of the property was in excess of that found by the trial court. We are of the opinion that the question of the value of the property was one to be determined upon the petition. These appellants appeared in answer to the petition. They made no objection to the testimony which was offered as to the value of the estate. They then had an opportunity of proving the value of the estate, if in their opinion it was worth more than the evidence of the petitioner tended to show. They offered no evidence upon that question. They had their day in court, and the mere fact that they failed or neglected to introduce evidence upon that question is not sufficient ground for a new trial.

Appellants cite the case of *In re Fick's Estate,* 111 Wash. 318, 190 Pac. 1008, as authority for the con-

tention that the order setting aside property to the surviving spouse may be set aside when the value of the estate is greater than that shown in the petition. The *Fick Estate* case was one where the order was obtained by fraud; and not only that, the minor heirs who were interested in the estate were not represented and did not appear in the action, and it was for that reason, principally, that the order making the allowance was set aside. There are no such facts in this case.

We find no error in the record and the judgment is therefore affirmed.

HOLCOMB, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.