[No. 18006. Department One. September 17, 1923.]

NOREEN ADAMS et al., Appellants, v. LAURA G. McFARLING, Respondent.[1]

EXECUTORS AND ADMINISTRATORS (58, 59)—ALLOWANCE TO WIDOW —MOTION TO VACATE—APPEAL—PRESUMPTIONS. An award of a widow's allowance not exceeding $3,000, pursuant to Rem. Comp. Stat., § 1473, will, in the absence of anything in the record to the contrary, be presumed to have been made on notice and within the jurisdiction of the probate court; and in the absence of any appeal therefrom cannot be attacked by motion.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered September 11, 1922, upon sustaining a demurrer to the petition, dismissing an action to set aside an award of property of an estate to a widow. Affirmed.

[1]Reported in 218 Pac. 195.

*F. W. Girand,* for appellants.

*John H. Roche,* for respondent.

Bridges, J.—From the record before us, we may gain by inference the following information: That sometime prior to the 15th day of May, 1922, James McFarling died, leaving Laura G. McFarling as his widow, and several children, and that on that date his estate was in process of administration, and that the court, by authority of § 1473, Rem. Comp. Stat. [P. C. § 9893], on the date mentioned, made an order setting aside and awarding to the widow certain real estate in the city of Spokane. Thereafter certain of the surviving heirs petitioned the court to set aside and vacate the order awarding the property to the widow, alleging that she had abandoned and deserted the deceased many years before his death, and that at no time had she actually lived upon the property set aside to her; that not for many years had she assisted in accumulating any of the community property or in maintaining the family; that, long prior to the death of Mr. McFarling, his wife had lived with another man, holding herself out to be his wife; that, in her effort to get the property, she had given false testimony and defrauded the court, and that the property so awarded to her was the sole and separate property of the petitioners, as heirs of the deceased. The trial court sustained a demurrer to the petition, and the petitioners having elected to make no further pleading, a judgment of dismissal was entered.

The only things in the record before us are the petition, the demurrer, the judgment sustaining the demurrer and dismissing the action, and the appeal proceedings. Neither the petition to award nor the notice of hearing the same, nor any testimony or findings, nor the order sought to be vacated, are before us.

We assume, without deciding, that an appeal will lie upon the facts stated (the respondent does not question the right of appeal) and proceed briefly to the merits of the matter.

Section 1473, Rem. Comp. Stat., is a part of the probate code. It authorizes the court, upon notice given to those interested in an estate, to set aside to the widow property not exceeding in value $3,000, and such property may be either separate or community property. In the absence of anything showing to the contrary, we must assume that all of the provisions of that section were complied with and that the court had jurisdiction to make the order setting aside the property to the widow, and that the petitioners here were given notice of the application to set aside, and that they had an opportunity to present to the court their objections thereto. We must assume that the court had before it, at the time it made the award, all the alleged facts set out in the petition to vacate. Such being the situation, the petitioners may not now by motion cause those facts to be again considered. If they were not satisfied with the action of the court in awarding the property, it was their duty to have appealed from that order. The petition which we are reviewing does not set out, and is not based upon, any jurisdictional grounds.

The judgment is affirmed.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.