[No. 19771. Department Two. April 2, 1926.]

*In the Matter of the Estate of* IDA E. JARRETT, *Deceased.*

CHARLES A. MURPHY *et al., Appellants,* v. W. W. JARRETT, *Respondent.*[1]

[1] EXECUTORS AND ADMINISTRATORS (59, 62)—ALLOWANCE TO SURVIVING SPOUSE—PERSONS ENTITLED—EFFECT OF—PROPERTY IN ANOTHER STATE. The surviving husband is entitled to a homestead allowance of $3,000, as provided by Rem. Comp. Stat. § 1473, out of the separate property of his deceased wife, irrespective of the fact that, by the laws of another state, he became entitled to other separate property of the wife in that state.

Appeal from a judgment of the superior court for Clark county, Simpson, J., entered November 16, 1925, settling the final account of an administrator and distributing an estate after a hearing before the court. Affirmed.

*James P. Stapleton,* for appellants.

*Walter G. Hayes* and *Miller, Wilkinson & Miller,* for respondent.

[1] Reported in 244 Pac. 694.

MITCHELL, J.—Ida E. Jarrett died intestate on July 1, 1924. Surviving her were her husband, W. W. Jarrett, and several children above the age of majority by a former marriage. She owned as separate property a tract of land in Clark county, on which she and her husband lived. Neither of them had filed or claimed a homestead on that or any other property. In the administration of her estate, it was necessary to sell the property to pay funeral expenses, expenses of her last sickness and of the administration of her estate. In the course of the administration, upon the filing of the administrator's report showing that all such expenses had been paid or would be paid upon order of court, leaving a balance on hand of $2,053, the surviving spouse petitioned the court to set aside to him the balance on hand, under the provisions of § 1473, Rem. Comp. Stat. The children of the decedent, having notice, objected to the granting of the petition. Upon hearing the matter, an order was entered by the trial court granting the petition, setting the amount over to the surviving husband. The children of the decedent have appealed.

[1] During the married life of Mr. and Mrs. Jarrett, they purchased with her separate means real estate in Oregon, the title to which was taken in the names of both of them. It appears by the common consent of counsel for the respective parties on the appeal that, under the statutes of Oregon, that property became the separate estate of Mr. Jarrett upon the death of his wife. Its value at the time of her death was approximately $1,800 to $2,000. The argument of the appellants is that the value of the Oregon property should be charged against the $3,000 allowance in favor of the surviving spouse provided by § 1473 of the code. The statute says that, in case of no prior

claim of homestead and where expenses of the last sickness and funeral of the decedent and of the administration of the estate have been paid or provided for, "the court . . . shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of three thousand dollars ($3,000)."

In the case of *In re Johnson's Estate*, 114 Wash. 61, 194 Pac. 834, wherein a surviving husband who had filed upon a government homestead in Oregon, was claiming the statutory allowance out of the estate of his deceased wife's separate property in this state, we said:

"No exception is made as to residence or nonresidence, and we are of the opinion that it makes no difference whether a nonresident has a home or homestead in some other state, he is entitled to what the laws of this state give to the spouse."

Nor can the fact that the Oregon property became his, although having proceeded from her separate estate, be taken into account, under the doctrine of *Griesemer v. Boyer & Rex*, 13 Wash. 171, 43 Pac. 17, and *In re Andrews' Estate*, 123 Wash. 546, 212 Pac. 1073. That property is situated in another state. The language of our statute is plain, comprehensive and general. It contains no condition or qualification, barring fraud, which is not involved in this case, and is not susceptible of construction.

Affirmed.

TOLMAN, C. J., MAIN, MACKINTOSH, and PARKER, JJ., concur.