[No. 20829.  Department Two.  February 7, 1928.]

*In the Matter of the Estate of J. P. NEILSEN, Deceased.*
SECURITY BANK & TRUST COMPANY, *Petitioner and*
*Appellant*, v. MARIE NEILSEN, *Respondent.*[1]

[1] EXECUTORS AND ADMINISTRATORS (62)—SUPPORT AND HOMESTEAD
—ALLOWANCE BY COURT—CONCLUSIVENESS.  An order in probate
allowing a widow three thousand dollars in lieu of a home-
stead, regularly entered in due course of administration, can-
not be vacated, in the absence of an appeal or any attack on
jurisdictional grounds.

Appeal from an order of the superior court for
Thurston county, Wright, J., entered May 16, 1927,
in probate refusing to set aside a widow's homestead
allowance, after a trial to the court.  Affirmed.

*Bigelow & Manier,* for appellant.

*Frank P. Christensen,* for respondent.

MAIN, J.—This is an appeal from an order of the
superior court refusing to vacate an order setting over
to Marie Neilsen three thousand dollars worth of prop-
erty in lieu of homestead out of the estate of J. P.
Neilsen, deceased, in accordance with Rem. Comp.
Stat., § 1473 [P. C. § 9893].

On February 21, 1926, Mr. Neilsen was killed in an
automobile accident, and his wife was seriously injured
and was confined to the hospital for a considerable time
thereafter.  On March 17, 1926, Marie Neilsen, the
widow, petitioned the court for letters of administra-
tion.  In due time, she was appointed and qualified.
On September 17, 1926, she petitioned the court for an
order setting aside to her $3,000 in lieu of a homestead.
Thereafter, the matter came regularly on to be heard
and the allowance was made on September 28 of that

'Reported in 263 Pac. 956.

year. Some time in October, 1926, the respondent petitioned for the sale of the property of the estate and in regular course this was sold for $3,000. The estate consisted of the stock and fixtures in a confectionery and fruit store, together with a limited line of radios and some household furniture.

On January 10, 1927, the appellant, the Security Bank & Trust Company, being a creditor of the estate, petitioned that the order allowing Mrs. Neilsen $3,000 be set aside, that she, as administratrix, should be required to make an accounting of her actions as such, and that the property belonging to the estate be ordered sold. This matter came on to be heard, and from the order denying the relief prayed for, the appeal is prosecuted.

Upon the trial, the appellant offered in evidence a financial statement made to it by Mr. Neilsen, a short time prior to his death, when credit was extended to him. The ruling upon the admission of this was reserved, and it does not appear to have been subsequently again called to the attention of the court. It is unnecessary here to determine whether this statement should have been admitted because, had it been rceived in evidence, it would not have affected the result.

[1] The other two points urged upon the appeal are that the court erred in refusing to correct the order setting aside $3,000 to the widow and in refusing to cancel and set aside that order. So far as it appears from the record, the order setting aside the $3,000 was regularly entered in the due course of administration. There is no evidence that the same was in any manner fraudulently obtained. In fact, we do not understand it to be so contended. There was no appeal taken from that order. Under the holding in *Adams v. McFarling,* 126 Wash. 484, 218 Pac. 195, the order of the trial

court was correct. With reference to a similar situation it was there said:

"If they [appellants] were not satisfied with the action of the court in awarding the property, it was their duty to have appealed from that order. The petition which we are reviewing does not set out, and is not based upon, any jurisdictional grounds."

The judgment will be affirmed.

MACKINTOSH, C. J., FULLERTON, ASKREN, and HOLCOMB, JJ., concur.