This is an appeal from a judgment of the superior court dismissing a petition to vacate an order in a probate proceeding setting over to the widow of her deceased husband property in lieu of a homestead.
The facts, as stated in the petition for vacation of the order allowing the homestead, may be summarized as follows: August Backstrom died May 14, 1927, leaving a will, and his heirs were Carrie Backstrom, his wife, and two daughters, Anna M. Martin and Sara Erickson, both of whom were married. In the will, Carrie Backstrom was named as executrix, but she petitioned the court that her son-in-law, John Erickson, be appointed administrator with the will annexed.
The property of the estate consisted largely of one hundred sixty acres of land in Lewis county. Upon one forty thereof, there were the dwelling house, barn, and outbuildings. This is where Mr. and Mrs. Backstrom had lived prior to the former's death. In the will, the widow, Carrie Backstrom, was given a life estate, and, after her death, the property was to go to the two daughters, share and share alike, except that one was to receive two hundred and fifty dollars more than the other.
March 13, 1935, Carrie Backstrom filed a petition to set over to her the forty acres of land, upon which the buildings were, in lieu of homestead. After notices *Page 95 
provided by law in such a case had been given, a decree awarding that property to Mrs. Backstrom was entered. February 25, 1936, the appellant, Anna M. Martin, filed a petition to vacate the order setting aside the property in lieu of homestead. To this petition, there was a demurrer upon several grounds, one of which was that the petition did not state facts sufficient to justify any relief, and another, the statute of limitations. The trial court sustained the demurrer, and, the appellant not having filed an amended pleading within the specified time, a judgment was entered dismissing the petition, and it is from this judgment that the appeal was taken.
Owing to the fact that the petition, on its face, is not vulnerable to the plea of the statute of limitations, and the further fact that the court cannot take notice of the return of the officer, which is in the transcript, showing the time when the summons was served sometime subsequent to the filing of the complaint (Dolan v. Baldridge, 165 Wn. 69, 4 P.2d 871), we shall pass to the consideration of the question of whether the petition states facts entitling the appellant to relief.
In the petition, it is alleged (a) that the decree setting aside the property to Mrs. Backstrom was void and the court had no jurisdiction or power to enter the decree; (b) that the property was the separate property of the deceased husband, and, under the particular facts of this case, the surviving widow was not entitled to have an award made in lieu of homestead and the property set off to her; (c) that there had been no appraisement of the property prior to the time of its being set over in lieu of homestead; and (d) that the expenses of the last sickness, the funeral expenses, and the costs of administration had not been paid.
[1] So far as the petition shows, the property was set over in accordance with the provisions of Rem. *Page 96 
Rev. Stat., § 1473 [P.C. § 9893], and due and proper notice was given of the hearing prior to the entering of the order as required in that section. There is nothing from which it can be concluded that the order was void, or that the court was without jurisdiction. Errors which may make a judgment erroneous and subject to be set aside upon appeal will not render it void or indicate that the court was acting without jurisdiction. Stateex rel. McBee v. Superior Court, 162 Wn. 695, 299 P. 383.
[2] Under Rem. Rev. Stat., § 1473, the order or judgment of the court in making an award provided for in that section "shall be conclusive and final, except on appeal and except for fraud." The question then is whether any of the charges in the petition amounts to fraud. The fact that no appraisement was made prior to the award does not constitute fraud, because the statute "does not seem to require appraisers in a case of this kind." Smith v.Ferry, 43 Wn. 460, 86 P. 658.
Even though the property may have been the separate property of the deceased, there is no allegation in the petition that Mrs. Backstrom knew that it was separate property, and that she was not entitled to the award. It is not always easy to determine whether property is separate or community property, and there is nothing in the petition to justify the court in holding that, even though it was the separate property of the deceased and Mrs. Backstrom was not entitled to the award, she was guilty of any fraud in securing it.
The fact that the expenses of the last sickness, the funeral expenses, and the expenses of administration had not been paid when the property was set over does not amount to a charge of fraud, especially in view of the fact that, if these charges were true, they *Page 97 
would appear in the record of the probate proceedings, to which all parties had access; and, in addition to this, in the absence of an allegation to the contrary, it must be assumed that notice was given as required by statute before setting aside the property to the widow and the appellant had an opportunity to present to the court her objections. Not having done so, her petition cannot be sustained. In re Johnson's Estate, 114 Wn. 61,194 P. 834; Adams v. McFarling, 126 Wn. 484,218 P. 195.
The case of In re Churchill's Estate, 157 Wn. 640,290 P. 218, is very different from the one now before us. In that case, there was a reappraisement to show a value less than the actual value, and an order awarding the entire estate to the surviving spouse in lieu of homestead, without paying debts or expenses of administration, and the petition to vacate was presented by a creditor; none of which facts appears in this case.
The judgment will be affirmed.
MILLARD, BLAKE, GERAGHTY, and ROBINSON, JJ., concur. *Page 98