[No. 33408.   Department Two.   April 26, 1956.]

*In the Matter of the Estate of* CHARLES SHEW, *Deceased.*
JAMES F. SHEW *et al., Appellants* v. BETTY F. SHEW, *as*
*Executrix, Respondent.*[1]

[1]Reported in 296 P. (2d) 667.

*Gavin, Robinson & Kendrick,* for appellants.

*Edgar H. Canfield* and *C. O. Garmire,* for respondent.

MALLERY, J.—This is an appeal by the two grown sons and daughter of the deceased, Charles Shew, from the court order overruling their objections to the final account and distribution of their father's estate.

The decedent died testate in Klickitat county on October 5, 1953. His surviving spouse, to whom he had been married for about ten months, was appointed as executrix. On May 7, 1954, she posted notice, in three public places, of her petition for an award in lieu of homestead in compliance with RCW 11.52.014 [formerly Rem. Supp. 1949, § 1473, part].

On May 18, 1954, the court entered an order setting aside to the surviving spouse in lieu of homestead the property and assets of the estate described in the posted notices. The appellants did nothing at that time, but, after notice of hearing on the final account was given, they objected to the proposed order of account and distribution and sought a vacation of the award in lieu of homestead upon a number of grounds, which we do not reach for the reason that an award in lieu of homestead is a final order and, if not appealed from, becomes *res judicata,* except for fraud.

In *In re Haukeli's Estate,* 25 Wn. (2d) 328, 171 P. (2d) 199, we said:

"When fraud is alleged as a basis for collateral attack upon a judgment or decree, it must be extrinsic or collateral to the issues tried in the proceedings which are attacked,

. . .

" ' "Extrinsic or collateral fraud," justifying equitable relief against a judgment or decree, means some intentional act or conduct by which the prevailing party has prevented the unsuccessful party from having a fair submission of the controversy.' *Farley v. Davis,* 10 Wn. (2d) 62, 70, 116 P. (2d) 263."

See, also, *In re Backstrom's Estate,* 191 Wash. 93, 70 P. (2d) 784; *West v. Stanfield, ante* p. 55, 290 P. (2d) 704.

The record does not contain a scintilla of evidence of fraud on the part of respondent, and the trial court so found.

■ The appellants contend that *Mullane v. Central Hanover Bank & Trust* Co., 339 U. S. 306, 94 L. Ed. 865, 70 S. Ct. 652, is controlling herein and that actual written notice should have been given to all of them, as their location and mailing addresses were known to the executrix and her attorney. They contend, therefore, that RCW 11.52.014, *supra,* is unconstitutional because it does not provide for due process of law. We do not agree.

The *Mullane* case, *supra,* was a proceeding *in personam* involving trust funds held in a fiduciary capacity. The proceeding herein is *in rem.* In *In re Haukeli's Estate, supra,* this court said:

"Notice by posting, as provided by Rem. Rev. Stat., § 1473, constitutes due notice and has the same effect as actual notice. The proceeding is one *in rem,* and notice by posting or publication may be authorized by the legislature in such cases."

■ Appellants objected to the introduction in evidence of the office copies of letters sent by respondent to appellants, which related to the petition for an award in lieu of homestead and other matters pertaining to the estate. The respondent was not required to mail any letters at all, and did so only as a courtesy to the appellants. In this connection, it should be noted that appellants did not avail themselves of the privilege under RCW 11.28.240 [*cf.* Rem. Supp. 1941, § 1434] of requesting special notice of the proceedings in probate.

Appellants contend the trial court erred in not ordering the filing of a new inventory and appraisement of all of the property of the estate, because (a) the appraisement was invalid under the provisions of RCW 11.44.010 [*cf.* Rem. Rev. Stat. (Sup.), § 1465], (b) some items were excluded from the inventory, and (c) the property was appraised too low.

■ (a) The appellants contend that the appraisal of the

estate was invalid because one of the appraisers, Dean Gillenwater, was not a disinterested person as required by RCW 11.44.010, *supra*. The appellants assert he owed money to the estate, was a creditor of the estate, and was a cosigner with his wife on the bond of the executrix.

Mr. Gillenwater concurred in the results reached by the other two appraisers. The trial court, in its memorandum opinion, said:

"A reappraisal is demanded; one of the appraisers was not a disinterested person; the three appraisers agreed upon a valuation; we note no requirement that all three shall agree, eliminating the disqualified person, we have a majority agreeing as to values. The articles omitted from the appraisal have but little value and a reappraisal here would serve no useful purpose."

The court approved the existing appraisal after it was challenged, and the appellants had made their showing. We are not prepared to hold that the court has no discretion in such a situation or that it abused it in the instant case. The appellants cannot require a useless reappraisal as a matter of right where a majority of the appraisers would presumably adhere to the values they had already approved, and the court finds them to be reasonable.

(b) The appellants contend that the following articles were omitted from the inventory and appraisement: Wurlitzer spinet piano and bench, daveno, violin, chickens, three cemetery lots, deep freeze, set of silverware, pocket watch, Kodak camera, gun case, electric razor, canned peaches, bedding and towels, frozen food, wrist watch, twenty-two caliber pistol, fishing pole, wheel barrow, lawn mower, and five scatter rugs.

The piano, daveno, violin, and chickens were adequately established to be respondent's separate property by her uncontradicted testimony. The respondent tendered the appellants a quitclaim deed to the funeral lots at the time of the first hearing. The deep freeze and set of silverware were awarded to respondent in lieu of homestead, without any objections being made to the petition or appeal taken from the award by appellants. The appellant Robert E. Shew

had his father's pocket watch and Kodak. The only positive testimony regarding the gun case and electric razor was that the decedent had owned such articles at one time. No one said unequivocally that he did so at the time of his death.

The remainder of the items claimed to have been omitted from the inventory had very little if any value and, in any event, were distributed to appellants, as residuary legatees, by the final court order. Thus, the oversight of the trifles in making the inventory was cured prior to appeal. The appellants' grievances relating to them are moot.

■ (c) The appellants object to the appraisal of the estate as being too low in many instances. There is no competent testimony to that effect. The appellants merely compared the appraised present values and the original cost prices of various articles and, in the process of doing so, confirmed the present appraised values in most instances.

■ The appellants' contention that the respondent executrix improperly managed the estate is without support in the record. They assert that she was not a disinterested person and should have been relieved of her duties for that reason. They cite no authority for this proposition. An executrix need not be disinterested and seldom is.

■ The appellants assert that the awarding to respondent of a five-hundred-dollar fee was the "final blow in milking the estate." However that may be, it is within the customary limits.

The judgment is affirmed.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.

---

July 3, 1956. Petition for rehearing denied.