[No. 25093. Department One. July 24, 1934.]

*In the Matter of the Estate of* DOROTHY ANOFIAN, *Deceased.*

GORDON LUTHER, *Appellant,* v. MARTIN ANOFIAN, *Respondent.*[1]

*Charles E. Congleton,* for appellant.

*A. L. Maslan,* for respondent.

MITCHELL, J.—Dorothy Anofian, a resident of King county, died testate in that county May 22, 1932. Her will was admitted to probate in that county on July 14, 1932, and on that day her surviving husband, Martin Anofian, was appointed and qualified as executor of her will. In addition to her husband, she left surviving her Gordon Luther, a son by her first husband, and John Anofian, a son by her second husband. At the time of her death, her son John was a minor.

[1]Reported in 34 P. (2d) 883.

She devised and bequeathed all of her property to her children, subject to a life estate in favor of her husband, Martin Anofian. She left only one piece of real property, lot 3, block 1, of Shaffer and Moncrieff's Olympic View Addition to Seattle, which was her separate property and constituted the home of herself, her husband and their minor son, and which property was of the value of twenty-five hundred dollars. She also left personal property appraised at several hundred dollars, all of which personal property was expended by the executor for funeral and other necessary expenses.

After the payment of expenses, as above set forth, and prior to any order of final settlement of account of the executor, and after John Anofian became twenty-one years of age, Martin Anofian, as surviving spouse, applied to the court for an order setting aside the real property to him as a probate homestead. Upon notice given of the hearing of the application, Gordon Luther appeared and contested it. On the trial, findings were made according to the facts hereinbefore stated, and also to the effect that, at the date of the decedent's death, the minor son John was not self-supporting and lived at the family home and continued to do so with his father after he reached the age of majority. Upon the findings, conclusions and judgment were entered setting aside the real property to Martin Anofian as a probate homestead. Gordon Luther has appealed.

The decedent and her surviving spouse, Martin Anofian, or either of them, did not own any other real property, and this property was not a statutory homestead of either or both of them, created by recording a declaration of homestead in the county auditor's office, hence this application, under Rem. Rev. Stat., §§ 1473 and 1474, for a probate homestead, not exceed-

ing three thousand dollars in value, in lieu of the common statutory homestead.

The latter portion of § 1474 reads:

"Provided, that the awards in this and the next preceding section provided for, shall not be taken from separate property of the deceased, which is otherwise disposed of by will, where there is no minor child living as the issue or adopted child of the surviving spouse and the deceased."

These statutes, together with the fact that the application for the homestead in this case was not made until after the minor became of age, frame the one question in the case, namely: Does the surviving spouse lose his right to such an award if the application is not made during the minority of the child?

The appellant's rights under the will and the statute with reference to the vesting of title were, of course, subject to other statutory preferences, such as debts and expenses, including family allowances. In this case, there is no allegation, nor is there any finding, of unnecessary delay or lack of good faith on the part of the surviving spouse in making his application. Indeed, promptly, and with the filing of the petition of the surviving spouse for the probate of the will, he, as required by Rem. Rev. Stat., § 11213, filed a written statement with the clerk giving a list of the devisees, the relationship of each to the decedent, the location and probable value of the estate and the estimated and probable value of the distributive shares; further stating therein:

"In the event that the appraisal shows the property to be worth $3,000 or less, the same will be claimed by the surviving husband under the exemption statutes;"

thus early giving notice of his purpose to later exercise his statutory right now formally asserted by the present proceeding.

The personal property of the estate was of small value. Necessarily, some time was required to ascertain the amount of the funeral expenses, expenses of last sickness and burial and of administration, which, by § 1473, are first preferred charges against the property. An application to set the real property aside as a homestead for the surviving spouse manifestly had to be deferred until these prior charges and expenses were met or provided for, else there might be necessity to sell all the real property, it being a single lot, to raise money to meet such charges and expenses, in which respect it appears that the costs of administration were still "undetermined," as found at the present trial. In the meantime, the partially dependent child became of age, but continued to live with his father.

The trial court held that the petitioner's right to a homestead was to be determined, so far as the minority of the child was concerned, as of the date of the mother's death, rather than the date of the application for, or order allowing, the homestead. In our opinion, the holding of the trial court was right. The probate code of 1917 [Laws of 1917, p. 642], in which this or a similar provision was first incorporated, is a comprehensive code. It is divided into a number of important and pertinent parts. These particular sections are found in a division of the code entitled, "Provisions for the Support of the Family," and should receive a liberal construction, as do homestead and exemption statutes generally.

Here, the child was not only a minor, but was actually dependent, in part, when the mother died, and in such case where the property is not required to meet preferred charges and expenses, and there is no specific time fixed by the statute to the contrary, the right of a

surviving spouse to a homestead is settled with reference to the date of the death of the deceased spouse.

The theory and practical scope of these statutes suggest immediate and continuous need on the part of the surviving spouse in taking care of himself and minor child or children, and where, as here, after giving notice as soon as possible of his purpose, he makes application in an orderly way and within a reasonable time, he is entitled to the benefit of the statute, although in the meantime the child has reached the age of majority.

Counsel have called attention to cases from other states, but an examination of them shows that, without exception, they arose upon statutes so different from ours that they give us no help in this case.

Judgment affirmed.

BEALS, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.