[No. 24554. Department One. August 14, 1933.]

*In the Matter of the Estate of* CONRAD G. SCHIFFNER,
*Deceased.*

PAULINE BASTRON *et al., Appellants,* v. CONRAD E.
SCHIFFNER, *as Executor, et al., Appellants,*
ERNESTINE FREDERICK SCHIFFNER,
*Respondent.*[1]

*E. L. Casey, H. B. Noland,* and *Kenneth L. Casey,*
for appellants.

*Glenn L. Bean* and *Sharpstein & Smith,* for respondent.

HOLCOMB, J.—Appellants in this controversy are the six children of Conrad G. Schiffner and Anna Schiffner, late of Walla Walla county, Washington. The oldest child, Conrad E. Schiffner, is executor of his father's will, and the same relief is sought by him on this appeal as is sought by the six children. Respondent is the second wife and surviving widow of Conrad G. Schiffner.

[1]Reported in 24 P. (2d) 434.

· Anna Schiffner, the first wife of Conrad G. Schiffner, died on or about April 29, 1925, leaving a will whereby she gave to each of her children named therein the sum of one dollar, and gave to her husband the right to have, use and enjoy all the rest of the estate, both real and personal, as long as he remained a widower. In the event of his marriage, the unused remainder should immediately pass to her children therein named, share and share alike. The record is undisputed that the property so devised and bequeathed was accumulated by the father and mother with the aid of their children.

Subsequent to the admission of the will of Anna Schiffner to probate on May 25, 1925, the surviving husband entered into an agreement with the children of his deceased wife and himself wherein, for a recited consideration of $25.00, which it is undisputed he never paid to the children, in a contract reciting that all the property described therein was community property of Conrad G. Schiffner and Anna Schiffner, deeded to Conrad G. Schiffner in consideration of his agreement that he would make a will wherein and whereby the parties of the second part (the children) should receive the benefits now owned by him and the estate of Anna Schiffner, deceased, to the children to have share and share alike upon his death, the granting clause being:

". . . have and hereby do grant, bargain, sell, convey and set over to the said party of the first part all their right, title and interest in and to all of the property of the estate of the said Anna Schiffner, deceased, to the said party of the first part, to have and to hold to him and to manage, handle and dispose of during his lifetime as he may see fit and proper, and giving and granting unto him full power of disposition by sale, mortgage, conveyance or otherwise as he may deem it to his best interests, freeing the purchaser or other persons dealing with him from all responsi-

bility or liability to said parties of the second part or anyone to claim by, through or under them or either of them.''

In passing, although we do not decide this case strictly thereon, it is to be noted that appellants granted to their father absolute title and power to dispose of the estate of their mother during his lifetime.

That instrument was filed for record in the office of the auditor of Walla Walla county on May 25, 1925, and recorded in the record of deeds.

Shortly thereafter, in August, 1925, Conrad G. Schiffner became acquainted with respondent, Ernestine Frederick Schiffner, and proposed to her that, if she would marry and care for him the rest of his life, he would give her the sum of three thousand dollars cash and a life interest in the home in Walla Walla with the furniture, etc.

Respondent accepted the offer, and she and Conrad G. Schiffner were married on August 13, 1925, he being then past sixty-four years and she past sixty years of age. Thereafter, Conrad G. Schiffner took respondent to the office of an attorney in Walla Walla, and there had drafted and executed two instruments. The first was an agreement between himself and respondent reciting, among other things, that the parties had just been married and providing that all of the property in the name of Conrad G. Schiffner was to be his separate property and, together with its accumulations, should continue to be his separate property, and that provisions made for respondent in a will of even date would be satisfactory to her and would be accepted by her as her share of the estate of Conrad G. Schiffner, should she outlive him. The second instrument was a will wherein she was bequeathed the sum of two thousand dollars, devised a life interest in the home in Walla Walla in which they were living

and the household and kitchen furniture, to have and to hold during the period of her natural life, all the residue of the estate thereafter to go to his children, named in the will, share and share alike. There was also a condition in the will that the bequests made to respondent were made upon the further condition that she should not abandon Conrad G. Schiffner, and should be living with him at the time of his death.

Conrad G. Schiffner and respondent thereafter lived together as man and wife for a little more than six years and five months, until and including the date of his death on January 20, 1932.

On January 25, 1932, the will of Conrad G. Schiffner was admitted to probate. On February 19, 1932, Conrad E. Schiffner, the executor of the last will and testament of the testator, ordered respondent to vacate the home and to deliver over to him all of the personal property belonging to the estate then in her possession.

Appellants then instituted an action to have a trust impressed upon the property of the estate in favor of appellants and to exclude respondent from sharing therein.

Respondent then took the following steps: (1) answered the complaint of appellants and asked to take under the terms of the will of the testator; (2) filed a petition for allowance for maintenance and support pending probate; (3) filed a claim for services to Conrad G. Schiffner in his life time in the sum of three thousand dollars, under an alleged oral agreement; and (4) filed a petition for the allowance of a statutory homestead.

On the trial, respondent waived her claim for services and asked that the records show that she based her claim on the will, a written contract with Conrad G. Schiffner, and her petition for a homestead, and was asking but one recovery of three thousand dollars

and not a recovery of three thousand dollars under each, that is, the will and the homestead.

The different claims were tried to the court, and at the conclusion thereof a memorandum decision was filed, finding, among other things, that Conrad G. Schiffner made and entered into a contract with respondent to the effect that, in consideration of her becoming his wife, she was to have out of his estate certain property rights, and as a result of this contract and understanding they became husband and wife, and lived together from that date until the death of Conrad G. Schiffner; that, after their marriage, Conrad G. Schiffner duly made his will, which was the will admitted to probate and the one here involved; that the contract between him and his children, being recorded and indexed in the book of deeds, was notice to respondent of the contract to dispose of, by will, the real estate of Anna Schiffner, but that respondent never at any time had any actual knowledge or notice of the existence of the contract itself, and that the recording of the contract was not notice as to any personal property, being only recorded as a deed; that, as against the children, Conrad G. Schiffner could not dispose of, by will, the real estate which had theretofore belonged to the community estate, but he did have the right to dispose of, by will, the personal property; that therefore the will was valid as to the bequest to respondent to the extent of the two thousand dollars and to the extent of giving her a life interest in the personal property, which the court valued at one hundred dollars; that, she having no knowledge or notice whatever of the contract of appellants with her deceased husband, her rights under the law and her rights under her contract with Conrad G. Schiffner were not defeated as a matter of law and could not be taken away from her as a matter of equity. The trial court there-

fore held that respondent was entitled to the two thousand dollars under the terms of the will, because it was separate personal estate, and was entitled to her homestead rights under her petition, because it was not disposed of by will to any one else, and that she was entitled to her life estate in the personal property for the same reason.

Among other things, the trial judge observed:

"Ernestine Frederick Schiffner has the right, both under the facts and in these proceedings and her contract, and Conrad's will, to the same property that she has under the claim of homestead, and she has two titles to the property, both of which, in the opinion of the court, are good."

The sole assignment of error made by appellants on appeal is error in entering judgment in favor of respondent granting to her any of the property whatsoever from the estate of Conrad G. Schiffner.

The theory of appellants is based upon the ground that, upon the death of the father, all of the involved property was immediately impressed with a trust in favor of the children, and that there was no estate other than for the purpose of carrying out the provision of such trust.

Very extensive argument and citations from texts and decisions from this and other courts are made to sustain that theory, and to support the principle that equity will declare the executor or devisees under the will to be trustees for the performance of the testator's agreement *(Perkins v. Allen,* 133 Wash. 455, 234 Pac. 25), and that the equities of appellants are superior to the equities on behalf of respondent.

Respondent relies greatly upon *In re Arland's Estate,* 131 Wash. 297, 230 Pac. 157. While there are some similarities between this case and the *Arland* case, there are many material differences, so that it is not particularly apt in this case.

Appellants strenously urge that we have sustained oral contracts to convey property as against wills in such cases as *Alexander v. Lewes,* 104 Wash. 32, 175 Pac. 572; *Olsen v. Hoag,* 128 Wash. 8, 221 Pac. 984; *McCullough v. McCullough,* 153 Wash. 625, 280 Pac. 70; the *Perkins* case, *supra,* and others; and that, since the contract they rely upon in this case is in writing and definite and certain, it should be specifically enforced as such.

Regardless of both contracts and all the argument that an express trust should be enforced in favor of appellants, a homestead award under our statute was obligatory.

The statute, Rem. Rev. Stat., § 1473, prescribes such awards. The last clause therein reads:

"The awards in this section provided shall be in lieu of all homestead provisions of the law and of exemptions."

The proviso to the next section, § 1474, reads:

"Provided, that the awards in this and the next preceding section provided for, shall not be taken from separate property of the deceased, which is otherwise disposed of by will, where there is no minor child living as the issue or adopted child of the surviving spouse and the deceased."

We decided in *In re Behre's Estate,* 130 Wash. 458, 227 Pac. 859, that the last proviso refers only to the property devised or bequeathed to others than the widow, and that the property passing under the residuary provisions of the will is not otherwise disposed of, and is subject to the claim of the widow for her homestead. There were no minor children of respondent and Conrad G. Schiffner, and the property is separate property. It is not otherwise disposed of by will.

These allowances against the estate are created by law, and are preferred just as other debts are pre-

ferred, and not subject to any collateral conditions. *Griesemer v. Boyer,* 13 Wash. 171, 43 Pac. 17. A judicial duty is imposed which compels the setting aside of property, and against the order of the court nothing will avail unless it be the voluntary renunciation of the widow. *In re Johnson's Estate,* 114 Wash. 61, 194 Pac. 834. To the same effect are: *In re Heilbron's Estate,* 14 Wash. 536, 45 Pac. 153, 35 L. R. A. 602; *In re Lavenberg's Estate,* 104 Wash. 515, 177 Pac. 328; *In re Hooper's Estate,* 117 Wash. 463, 201 Pac. 740; *In re Behre's Estate, supra.*

Respondent having limited herself by her contract with Conrad G. Schiffner to a life estate in the home and an allowance of two thousand dollars instead of three thousand dollars, the judgment awarding her two thousand dollars and a life estate in the home is moderate, in view of the statute, and valid. Had she insisted on further allowances, in the face of her contract and the will, it is possible that they would be denied.

The other allowances to her, pending the administration of the estate, are also well supported by the statute and our decisions.

Cases from this court and others and the texts as to the countervailing equities of appellants on the one hand and respondent on the other, are of no influence, in view of our positive statutory law and consistent construction thereof.

The judgment is right, and is affirmed.

BEALS, C. J., TOLMAN, MITCHELL, and MILLARD, JJ., concur.