[No. 27579.   Department Two.   October 16, 1939.]

*In the Matter of the Estate of* CHARLES I. WELCH, *Deceased.*

CHRISTINE T. WELCH, *Appellant,* v. D. P. WELCH, *as Administrator, et al., Respondents.*[1]

[1]Reported in 94 P. (2d) 758.

*Jack McWalter,* for appellant.

*A. J. Balliet* and *Richard B. Ward,* for respondents.

JEFFERS, J.—This is an appeal by Christine T. Welch, widow of Charles I. Welch, deceased, from an order made in the estate of the deceased, entered by the superior court for King county, denying the petition of Christine T. Welch for an award in lieu of homestead. The facts in the case were stipulated, as provided by Rule X, Rules of the Supreme Court, 193 Wash. 11-a, and so far as material may be stated as follows:

Charles I. Welch died intestate in Seattle, Washington, on July 2, 1938, and appellant, Christine T. Welch, is the widow of the deceased, having married Charles I. Welch on July 2, 1938, some four hours prior to his death, after a six months correspondence courtship. Deceased left surviving him his widow (this appellant) and four children, one of them, Ernest Welch, being a minor eighteen years of age, who is subnormal and has an intelligence quotient of fifty-five, or a little more than fifty per cent of normal.

Decedent left an estate consisting of real and personal property, which has been appraised by appraisers regularly appointed by the court, at $6,945.07. Appellant duly and regularly petitioned the court to have certain real and personal property of the estate set aside to her in lieu of homestead, which property is worth the sum of three thousand dollars. The time for filing creditor's claims against the estate has expired, and there are sufficient assets on hand, over and above the allowance petitioned for by appellant, to permit the payment of funeral expenses, expenses of last sickness, and expenses of administration. No homestead in the property of deceased has been claimed in the manner provided by law, but decedent,

Charles I. Welch, received an award in lieu of homestead from the estate of a former spouse.

Due notice of the hearing of the petition of appellant was given in the manner provided by law, and the only minor child, Ernest Welch, was duly represented at the hearing by his duly appointed guardian *ad litem*, Richard B. Ward.

Based upon the above facts, the court, on March 24, 1939, entered an order denying appellant's petition, for the reason, as expressed orally by the court, that, under the facts, it would be inequitable to permit appellant to secure an award in lieu of homestead; first, because appellant had been married to deceased only four hours at the time of his death, and second, because an award in lieu of homestead to appellant would diminish the distributive share of the minor heir, Ernest Welch, who is subnormal, and who is a person likely to become a public charge.

On the basis of the facts herein set out and the order of the court, the parties agree that the questions involved in this appeal are:

(1) Does the fact that the decedent and appellant were married only four hours prior to the death of Charles I. Welch bar appellant from securing an award in lieu of homestead?

(2) Does the fact that the interest of the minor incompetent heir, Ernest Welch, would be diminished by the granting of an award to appellant bar appellant from securing such an award?

(3) Does the fact that decedent had, prior to the time of his marriage with appellant, secured an award in lieu of homestead in the course of the probate of the estate of a former wife bar appellant from securing the award asked for herein?

Appellant assigns as error the order of the trial court denying her petition for an award in lieu of

homestead, and bases her claim upon Rem. Rev. Stat., §§ 1473 and 1474 [P. C. §§ 9893, 9894].

Unless the trial court was right in denying appellant's petition on what is termed equitable grounds, it is apparent from the stipulated facts that appellant is eligible to receive an award in lieu of homestead, under the provisions of § 1473, *supra.* It is also apparent that she does not come within the exception of § 1474, *supra,* which provides that an award

". . . shall not be taken from separate property of the deceased, which is otherwise disposed of by will, where there is no minor child living as the issue or adopted child of the surviving spouse and the deceased."

We think the court erred in denying appellant's petition because of the short duration of the marriage and the further fact that such an award would diminish the distributive share of the minor.

We have consistently held that award statutes, such as §§ 1473 and 1474, *supra,* give an absolute right, which is not subject to collateral conditions and should not be influenced by the countervailing equities; that such statutes are not, strictly speaking, homestead and exemption laws, although, like general laws exempting homesteads and certain personal property, they rest in a sound public policy and are calculated to prevent dependency.

*In re Lavenberg's Estate,* 104 Wash. 515, 177 Pac. 328, where a nonresident widow was claiming property in lieu of homestead, we stated:

"A judicial duty imposed by the legislature compels the setting apart of the property, and against the order of the court nothing will avail unless it be the voluntary renunciation of the widow. . . . 'It is an absolute right that the statute gives unqualified by collateral conditions.' *Griesemer v. Boyer, supra* [13 Wash. 171, 43 Pac. 17]."

*In re Johnson's Estate,* 114 Wash. 61, 194 Pac. 834.

*In re Schiffner's Estate,* 174 Wash. 134, 24 P. (2d) 434, in referring to an award in lieu of homestead based on §§ 1473 and 1474, *supra,* we stated:

"These allowances against the estate are created by law, and are preferred just as other debts are preferred, and not subject to any collateral conditions. . . .

"Cases from this court and others and the texts as to the *countervailing equities* of appellants on the one hand and respondent on the other, are of no influence, in view of our positive statutory law and consistent construction thereof." (Italics ours.)

See, also, *In re Chisholm's Estate,* 159 Wash. 674, 294 Pac. 973, 76 A. L. R. 279.

Respondent relies upon, and asks us to adopt the reasoning applied in, *In re Tyler's Estate,* 140 Wash. 679, 250 Pac. 456, 51 A. L. R. 1088, wherein it appears that appellant murdered his wife, and thereafter, when her estate was being probated, petitioned the court to set aside to him certain property of the wife's estate in lieu of homestead. It was contended in the cited case, that the court had no alternative, under the statute, but to make the award. This court therein stated:

"It is so offensive to good conscience, repugnant to justice and revolting to the mind of every right thinking person, that one should come into court with bloody hands and receive, as it were, a reward for his iniquity, that we cannot conceive that the legislature, composed of persons of good sense and integrity, should ever have intended, in enacting the statute and its amendment, that such consummation could be accomplished. It must be true that such a state of facts as appear in this case was not in the mind of the legislature at the time the statutes were passed."

Since the decision in the *Tyler* case, the legislature has amended § 1473, *supra,* and by such amendment denied to a surviving spouse, who has feloniously killed

the deceased spouse, the right to have property awarded to him or her, as provided in the section.

Without further discussion of the cited case, we think neither the facts nor the reasons assigned for the decision applicable to the instant case.

■ This leaves the third question to be disposed of, and we are of the opinion it must be answered in the negative. Section 1473, *supra,* provides in part:

"If it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered . . ."

the court, upon a showing made that the provisions of the statute have been complied with, shall make the award in lieu of homestead.

It is again apparent from the stipulated facts that no homestead has been claimed in any property belonging to the estate of Charles I. Welch, either prior or subsequent to his death. We think appellant clearly is entitled to an award in lieu of homestead, regardless of the fact that her deceased husband had been allowed such an award from the estate of a former wife.

We have held that an award in lieu of homestead was not strictly a homestead or exemption law. *In re Lavenberg's Estate, supra; Greer v. Robinson,* 149 Wash. 659, 272 Pac. 28.

We cannot agree with respondents that to allow this appellant an award in lieu of homestead would, in effect, allow the pyramiding of homesteads.

As we have herein stated, no homestead had been claimed in decedent's estate, either prior or subsequent to his death, and appellant is therefore, as a matter of right under the statutes, entitled to the award claimed.

692

· The judgment is reversed, with instructions to the trial court to award to appellant, in lieu of homestead, the property set out in her petition and in the stipulated facts.

BLAKE, C. J., BEALS, STEINERT, and GERAGHTY, JJ., concur.