[No. 30121. Department One. April 17, 1947.]

*In the Matter of the Estate of* ESTHERINA POLI, *Deceased.* BERNARD POLI, *Appellant,* v. DANTE POLI, *Respondent.*[1]

[1]Reported in 179 P. (2d) 704.

*John W. Dobson* and *Norman A. Turay,* for appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for respondent.

MILLARD, J. — Estherina Poli died intestate in King county, September 30, 1932, leaving surviving her husband, Bernard Poli, and seven adult children. Her estate, all community property, consisted of the dwelling house and household furniture of a total value of less than three thousand dollars. No homestead was ever claimed by the surviving spouse prior or subsequent to the date of the death of decedent. The surviving husband was appointed and qualified as administrator of the estate February 20, 1946. No previous administration was had on the estate.

April 8, 1946, Bernard Poli filed his petition that all of the property of the estate be set aside to him as an award in

lieu of homestead. The petitioner alleged that he had continuously resided on the property in question and occupied it as his home since the time of his wife's death, that all expenses of last illness, funeral expenses, and expenses of administration were paid or provision made for payment, and that there were no creditors of the estate.

Dante Poli, one of the surviving children of decedent, by answer objected to award of the property to the surviving husband in lieu of homestead on the ground that the court was without jurisdiction to make such award for the reason that title to the property had already vested in decedent's heirs at law.

The trial court concluded that the title to decedent's interest in the property, which was community property, had vested in the decedent's heirs at law, and, as more than six years had elapsed since the date of decedent's death, the petitioner was not entitled to an award of the property involved herein in lieu of homestead. Decree was entered July 30, 1946, denying the petition. Bernard Poli appealed.

Pursuant to Art. XIX, § 1, state constitution, which provides that the legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families, the legislature enacted the following statute which provides for award in lieu of homestead to a surviving spouse:

"If it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of three thousand dollars ($3,000), exclusive of any mortgage or mechanic's, laborer's or materialmen's or vendor's liens upon the property so set off, which property so set off shall include the home and household goods, if any, and such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration

upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates: . . . The order or judgment of the court making the award or awards provided for in this section shall be conclusive and final, except on appeal and except for fraud. The awards in this section provided shall be in lieu of all homestead provisions of the law and of exemptions." Rem. Rev. Stat., § 1473.

■  The conditions prerequisite to the award to the surviving spouse of property of the estate in lieu of homestead are that the funeral expenses, expenses of last sickness, and of administration have been paid or provision made for payment, and that the value of the property of the estate which the petitioner prays to be set off as an award in lieu of homestead does not exceed the value of three thousand dollars. A further condition prescribed by the statute (Rem. Rev. Stat., § 1473) is that no homestead has been claimed, either prior or subsequent to the death of the person whose estate is being administered. All of those conditions were met by respondent.

The trial court concluded however, that the statute (Rem. Rev. Stat., § 1473) was limited by the following statutes which read, so far as pertinent, as follows:

"When a person dies seized of lands, tenements or hereditaments, or any right thereto or entitled to any interest there in fee or for the life of another, his title shall vest immediately in his heirs or devisees, subject to his debts, family allowance, expenses of administration and any other charges for which such real estate is liable under existing laws. No administration of the estate of such decedent and no decree of distribution or other finding or order of any court shall be necessary in any case to vest such title in the heirs . . . but the same shall vest in the heirs . . . instantly upon the death of such decedent: . . ." Rem. Rev. Stat., § 1366.

"No real estate of a deceased person shall be liable for his debts unless letters testamentary or of administration be granted within six years from the date of the death of such decedent: . . ." Rem. Rev. Stat., § 1368.

Rem. Rev. Stat., § 1368, which provides that the real estate of a deceased person shall not be liable for his debts unless letters testamentary or of administration be granted

within six years from the date of the death of such decedent, refers solely to "debts." Unless an award in lieu of homestead falls within the classification of "debts," it is manifest that the legislature intended to exclude an award in lieu of homestead from the effect of the six-year statute of limitations.

The right of homestead under our constitution and the statute enacted pursuant thereto is not a mere privilege or exemption of such an estate as the holder has in the land, but is an absolute right intended to secure and protect the homesteader and his dependents in the enjoyment of a domicile. We have consistently held that "homestead and exemption laws are favored in the law and are to be liberally construed." *State ex rel. White v. Douglas,* 6 Wn. (2d) 356, 107 P. (2d) 593.

We stated in *In re Schiffner's Estate,* 174 Wash. 134, 24 P. (2d) 434, in referring to an award in lieu of homestead under Rem. Rev. Stat., §§ 1473, 1474, that these allowances against the estate are created by law and are preferred just as other debts are preferred and are not subject to any collateral conditions. In the case of intestacy, it is obligatory to award a statutory homestead to the surviving spouse out of the property of the estate, either community or separate, not exceeding the value of three thousand dollars if no homestead has been claimed in the manner provided by law either prior or subsequent to the death of the decedent, after the court is satisfied that certain expenses have been paid or provision made for such payment. On the death intestate of one of the spouses, the estate of the decedent, subject to payment of expenses listed in Rem. Rev. Stat., § 1473, may be distributed, subject, however, to the right of the surviving spouse to an award of property not exceeding the value of three thousand dollars out of the estate in lieu of homestead. The remainder of the property may then be distributed under the statute.

The fact that an award to the surviving spouse in lieu of homestead may diminish the distributive share of even an incompetent minor is not affected by the rights of such heirs, since the surviving spouse's right to the

award is absolute and not subject to collateral conditions or to be influenced by countervailing equities. See *In re Welch's Estate,* 200 Wash. 686, 94 P. (2d) 758, where we said that statutes such as Rem. Rev. Stat., §§ 1473 and 1474, are not, strictly speaking, homestead and exemption laws, although, like general laws exempting homesteads and certain personal property, they rest in a sound public policy and are calculated to prevent dependency.

Appellant's eligibility to receive an award in lieu of homestead under the provisions of Rem. Rev. Stat., § 1473, is plain. The only limitation upon the right of the surviving spouse is that no homestead has been claimed in the manner provided by law either prior or subsequent to the death of the person whose estate is being administered, and the further conditions respecting payment of expenses and the value of the property set off to the surviving spouse.

■ There is no statute limiting the time in which appellant could have asserted his claim for an award in lieu of homestead. This plainly appears from a reading of the statute which defines a homestead and provides that same may be selected at any time before sale. If such homestead is selected prior to or within thirty days after notice in writing of the entry of judgment, it shall be exempt from sale. Rem. Rev. Stat., § 528.

Subject to the conditions of the statute (Rem. Rev. Stat., § 1473) recited above, appellant had a right to assert his claim to award of property not exceeding the value of three thousand dollars in lieu of homestead. His right to assert that claim was not lost or waived because there had been no probate of the estate. It was timely made when he made the showing required by Rem. Rev. Stat., § 1473, and, had the sheriff undertaken to sell the premises under an order of sale on behalf of a creditor, appellant could have, at any time before the sale, asserted his homestead rights in the property, in which rights he would have been protected under Rem. Rev. Stat., § 528 *et seq.,* and § 1473 *et seq.*

In *In re Anofian's Estate,* 178 Wash. 316, 34 P. (2d) 883, we held that, under Rem. Rev. Stat., §§ 1473, 1474, the

right of a surviving spouse to the allowance of a probate homestead from separate property of the deceased, although otherwise disposed of by will, where there is a living minor child of the deceased, is not lost by failure of the surviving spouse to make application for homestead until the minor child attains his majority.

The rights of heirs under the statute with reference to the vesting of title are subject to other statutory preferences, such as debts and expenses, including family allowances, and the preferential right which vests in the surviving spouse, as of the date of the death of the other spouse, of an award of property of the estate not to exceed the value of three thousand dollars, in lieu of homestead. Rem. Rev. Stat., § 1473.

While *In re Anofian's Estate, supra,* and the case at bar are dissimilar on the facts, the former is apposite as an opinion consistent with other opinions of this court in liberally construing the statutory provisions respecting award in lieu of homestead to the surviving spouse.

Cases are cited by respondent to sustain the position that an award to appellant in lieu of homestead is barred by the six-year statute of limitations (Rem. Rev. Stat., § 1368) because letters of administration were not granted in the case at bar within six years of the date of the death of the decedent. Those cases did not present the question of award in lieu of homestead, but involved claims for debts. There will be found in some of our opinions inapt expressions supporting respondent's theory that an award in lieu of homestead is of the character of a debt. We now state that such illustrations as were used in those cases were employed to emphasize the absolute character and preferred right of awards in lieu of homestead and not that an award in lieu of homestead is a debt. *Griesemer v. Boyer,* 13 Wash. 171, 43 Pac. 17; 24 C. J. 231.

The real estate of decedent is subject to an award in lieu of homestead to appellant surviving spouse, although appellant did not assert that homestead right until six years

subsequent to date of death of decedent; therefore, the decree is reversed.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and ABEL, JJ., concur.

---

May 29, 1947. Petition for rehearing denied.

