[No. 30169. Department One. July 3, 1947.]

*In the Matter of the Estate of* ANNA MAJKA, *Deceased.*
MARY K. VOLKIRCH *et al., Appellants,* v. FRANK MAJKA,
*as Administrator, Respondent.*[1]

*J. Peter P. Healy,* for appellants.

*Louis J. Muscek,* for respondent.

MILLARD, J.—Anna Majka died intestate in Pierce county December 23, 1944. Her husband, Frank Majka, the duly appointed and qualified administrator of his wife's estate, filed his petition August 8, 1946, as the surviving spouse of the deceased, for an award in lieu of homestead community property of the estate not exceeding the value of three thousand dollars pursuant to the statute (Rem. Rev. Stat., § 1473 [P.P.C. § 205-1]).

Mary K. Volkirch and other children of the petitioner and the deceased filed their objection August 15, 1946, to the petition on the ground that the property was of a value in excess of $4,705.51, shown by the appraisement. Hearing had thereon resulted in award in favor of the petitioner. The court found the value of the equity in the south Bell street property amounted to $1,989.59, which property was

[1]Reported in 182 P. (2d) 15.

subject to a mortgage of $3,376.11; that the personal property was of the value of $550, all of which, together with $460.41 interest in a conditional sales contract, were awarded to the petitioner.

On petition of the decedent's children therefor, the court ordered a reappraisement of the real estate which resulted in fixing the value of the home property at $6,750. October 21, 1946, the surviving spouse, who is administrator of his deceased wife's estate, objected to the reappraised value on the ground that same was highly inflated and was not a fair value of the property at the time of the death of Anna Majka, December 23, 1944.

The matter was then heard by the court on the question of the value of the Bell street property and the question of the entry of a decree awarding property in lieu of homestead, not exceeding in value $3,000, to the surviving spouse. The court found from the testimony of three disinterested witnesses that the fair market value of the south Bell street property as of December 23, 1944, the date of the death of Anna Majka, was $5,500, subject to the mortgage of $3,376.11, leaving a credit balance of $2,123.89 on the right of homestead to the extent of $3,000 to be applied in favor of the surviving spouse. The court awarded the foregoing equity of $2,123.89, together with personal property in the amount of $550, making a total of $2,673.89, to the surviving spouse under his homestead right, leaving a balance of $326.11; that is, the total amount of the equity in the real property and the personal property ordered to be set aside in lieu of homestead does not exceed the statutory sum of $3,000 by $326.11. The children appealed.

Inhering in all of the assignments of error which challenge the jurisdiction of the trial court to order a reappraisal of the property, is the complaint that the fair market value of the property was in excess of fifty-five hundred dollars.

There is no merit in the contention that the court was without authority to order a reappraisement of the property. We recently held (*In re Baker's Estate,* 27 Wn.

(2d) 933, 181 P. (2d) 826) that the court has the authority to order a reappraisement of the property in an estate whenever it is satisfied that the prior appraisement is too high or too low.

In setting aside property to the surviving spouse in lieu of homestead, the value of the property of the estate should be determined as of the date of the filing of the petition for award in lieu of homestead and not as of the date of the death of the decedent. *In re Small's Estate*, 27 Wn. (2d) 677, 179 P. (2d) 505.

The judgment is reversed; but, in view of the fact that the rule as established by the opinion cited above had not been published at the time of the trial of the case at bar, costs will not be allowed either party.

MALLERY, C. J., ROBINSON, SIMPSON, and ABEL, JJ., concur.