[No. 35929.   En Banc.   May 22, 1962.]

FRANK T. CODY, *as Executor, Appellant,* v. JOSEPH C. HERBERGER, *Individually and as Administrator, Respondent.**

*Reported in 371 P. (2d) 626.

*Harcourt M. Taylor*, for appellant.

*Halverson, Applegate & McDonald* and *Walter E. Weeks, Jr.*, by *J. S. Applegate*, for respondent.

ROSELLINI, J.—Taletta M. Herberger died on February 3, 1959. She was survived by the respondent spouse whom she had married in 1926. She had no natural or adopted children. On February 9, 1959, respondent was appointed administrator of her estate. Thereafter, her will was presented for probate by her brother, appellant Frank T. Cody, who was appointed executor of her separate estate. Respondent then became entitled to administer only the community estate. Decedent's separate estate was appraised at $6,119.03 and the community estate at $202,995.06.

It was necessary for inventory and tax purposes to determine whether some of the property was separate or community. A dispute arose concerning certain bank accounts, a community automobile, a lien for improvements to decedent's home, family allowance, and household goods. This dispute was settled by agreement.

The home had been a part of the decedent's separate property, but the furniture, household goods, and a large number of expensive figurines had belonged to the community. The appellant wanted the furniture and household goods to remain in the home, in order that it could be utilized as a rental unit with the furniture intact. To that end, he agreed with the respondent that one half their value would be paid to the respondent out of the decedent's separate estate. The respondent, on the other hand, wanted to take immediately for his own use a 1956 Buick automobile, which was part of the community estate and, to that end, agreed to pay the separate estate one half of its value. The figurines were divided equally.

Neither the decedent nor the respondent had claimed a homestead in any of the property at any time. The expenses of the funeral, last illness, and administration have been paid or provided for. The state inheritance tax and the federal estate tax upon both the community and separate estates have been paid, subject to future audit.

The trial court set off to the respondent, out of the community estate, the sum of $6,000 as an award in lieu of homestead.

The appellant's ten assignments of error can be summarized as follows:

The respondent is not entitled to an award in lieu of homestead because RCW 11.52.012, which provides *inter alia* that property so set off shall include a home and household goods, if any, speaks as of the time of the death of the decedent; and if there are then any household goods in the community estate, they must be included in the homestead award; and therefore it was error to award other property in lieu thereof. The money received by the respondent in payment of household goods which were in the estate at the time of death should be deducted from the $6,000 award and the respondent is estopped or has waived his right to an award in lieu of homestead.

■ The right of homestead under our constitution, and the statutes enacted pursuant thereto, is a valuable right. We have consistently held that the homestead and exemption laws are favored in the law and are to be liberally construed. *State ex rel. White v. Douglas*, 6 Wn. (2d) 356, 107 P. (2d) 593. A surviving spouse is entitled to such a grant when he complies with all of the conditions contained in the statutes authorizing the grant.

The home was the decedent's separate property and was otherwise devised by will, and could not be a part of the homestead award.

By the compromise agreement, the household goods were either converted to cash or divided by the two administrators equally upon an agreed appraisal. The separate estate received, at the appellant's request, all of the furniture, and the community estate received its value. Thus, the two estates were exactly in the same position after the division of the household goods as they were prior to the agreement regarding the furniture.

■ RCW 11.52.012, which provides that "property so set off" shall include the home and household goods, if any, refers to the property set off according to the terms of the

preceding statute, RCW 11.52.010. This statute, as amended by the Laws of 1955, chapter 205, § 10, p. 847, provides for an "award . . . not exceeding the value of six thousand dollars at the time of death, . . . " *In re Majka's Estate,* 28 Wn. (2d) 320, 182 P. (2d) 15, and the case which precedes it, *In re Small's Estate,* 27 Wn. (2d) 677, 179 P. (2d) 505, which hold that the value of the homestead should be determined as of the date of the filing of the petition for an award in lieu of homestead, are hereby overruled insofar as they are inconsistent with the above statute.

If there is a home and household goods in the community estate, they must be made a part of the award. If, as here, the household goods have been converted to cash or traded with the heirs at the time of the application for an award in lieu of homestead, their equivalent in value may be substituted by the court to be set aside as an award in lieu of homestead, the value to be determined as of the time of death of the decedent. The amount awarded, of course, may not in any event exceed $6,000. The trial court applied this rule, and it did not err.

The appellant contends that, in any event, the respondent is estopped from taking property in lieu of the household goods as part of the award because the respondent agreed with the appellant upon the disposition of them, by which agreement they were eliminated from the community estate.

We do not agree. The separate estate acquired at a fair value and still retains the household goods in question. In effect, the homestead award is merely reaching the cash which was substituted for them. The allowing of the award in lieu of homestead will result in no injustice to the legatee.

The appellant contends that the respondent waived his right to an award in lieu of homestead when he failed to inform the appellant of his intention to claim a homestead at the time the appellant agreed to the family-support allowance. His theory is that he would not have agreed to such an allowance had he been forewarned.

The appellant had no basis for assuming that the respondent would forego any substantive right not made the

subject of the various agreements. The record reveals no misrepresentation by the respondent in regard to his right to a homestead award, nor any evasion of an inquiry regarding his intention to assert such right. If the appellant was misled, he was misled by his own assumption, which was not warranted by any act or word of the respondent.

The judgment is affirmed.

ALL CONCUR.