[No. 42065.    En Banc.    December 16, 1971.]

*In the Matter of the Estate of* SADIE BOSTON, *Deceased.*
HENRY BOSTON, *as Executor, Appellant,* v. MARY DITTMER
*et al., Respondents.*

*Howard V. Doherty,* for appellant.

*Conniff, Taylor, Moffett & Behrhorst,* by *Stanley A. Taylor,* for respondents.

SHARP, J.—Plaintiff, the executor under a nonintervention will of his deceased spouse, Sadie Boston, appeals from an order denying his petition for award in lieu of homestead and sustaining certain objections to his final accounting.

Sadie and Henry Boston, both in their later years, were married in 1961. They had each been married before, and had each accumulated substantial separate property. Little by way of community property was acquired after their marriage. Sadie died in 1969 after a prolonged illness. She left a nonintervention will which named Henry as executor and provided that community property was to go to him, a few personal items were to go to her granddaughter, and her separate property was to be distributed in equal shares to the respondents, her two children by a prior marriage. After fulfilling the customary formalities required in the probate of a nonintervention will, including the entry of an order of solvency, Henry filed a document entitled "application for non-intervention decree and petition for award in lieu of homestead." This document contained a detailed accounting, and prayed for a decree finding debts paid, adjudging heirs, distributing property and awarding $10,000 of the property to Henry in lieu of homestead. The respondents protested the award and the accounting, and filed objections. The trial court denied the award and sustained certain of the objections. Henry Boston appeals.

There appear to have been four major objections by respondents. The first concerned a bank account which was, at first, Sadie's separate property but was converted into a joint account by Henry during Sadie's last illness in order to have funds available for her medical expenses. Appellant claimed this account after her death. However it was discovered at trial that the account did not provide a right of survivorship and, as such, appellant had no legitimate claim

to it. Appellant now concedes his mistake, but appeals the other three rulings.

The second objection claims that appellant should be charged rent for the use of decedent's farm after her death. After marriage, Sadie and Henry moved onto a 25-acre farm which was part of Sadie's separate property. During marriage Henry ran as many as 40 head of cattle on this farm, but it appears that shortly after Sadie's death he sold all but 6 head. After Sadie's death, he also purchased a smaller farm where he intended to move, but up until the time of trial he remained on decedent's farm. Appellant argues that as executor he had a duty to retain possession of the estate under RCW 11.48.020 and .030, and further, that it was expedient for him to remain there to protect it from vandalism and decay. Respondents maintain that there were other alternatives available, such as leaving the care of the farm in the hands of a renter who also lived on the property, or leasing the farm out, but that instead appellant remained on the farm for his own personal benefit.

The trial court agreed with respondents, and so do we. We perceive no real necessity for appellant remaining on the property. Appellant's only right to possession of the property arose from his status as executor, as he had no right of occupancy as an individual. *In re Estate of Peterson*, 12 Wn.2d 686, 123 P.2d 733 (1942). Where there are reasonable alternatives open, particularly alternatives which would produce rents and profits from the property, an executor has no right to remain on and to use the property. For such continued use he, as an individual, should be charged a reasonable rent. *In re Estate of Alfstad*, 27 Wash. 175, 67 P. 593 (1902); *In re Estate of Hickman*, 41 Wn.2d 519, 250 P.2d 524 (1952). This result conforms with the general rule that an executor or administrator is normally accountable for his use of the deceased's real estate. *See* Annot., 31 A.L.R.2d 243 (1953). We feel that $100 per month as determined by the trial court is a reasonable and acceptable rental for this property.

Respondents also objected to the amount of the attorney's fee. The Clallam County bar minimum fee schedule sets the minimum fee for services to an estate of this value at $2,300. However, appellant claimed a fee of $2,800. Both sides agree that under a nonintervention will, where fees are not submitted to the court for approval, those fees are not subject to determination or control by the court, absent faithlessness. However, respondents point out that an executor does have the discretion to submit the question of fees to the court, and once that is done the court has jurisdiction to set those fees. Respondents argue that appellant submitted the attorney's fee question to the court by way of his application for nonintervention decree and petition for award in lieu of homestead, which states in part:

That the petitioner has paid all claims and debts of the estate from his separate funds and is entitled to reimbursement therefor.

That the petitioner has incurred certain expenses by way of mileage in these proceedings in the amount of $64.80; and that a fee in the amount of $500.00 is reasonable for his services as Executor herein.

That Howard V. Doherty as attorney for Executor and estate is entitled to reimbursement for his costs and mileage in the service of the estate and that a fee of $2800.00 is reasonable for his services herein.

The application further states that the above awards and reimbursements should be made from the cash presently on hand or available and that, subject to those awards and reimbursements, the distribution of the personal property should be ratified and the balance of the estate distributed in accordance with the testator's will.

We cannot agree that appellant submitted the matter to the jurisdiction of the court. While characterization of the amount as "reasonable" might cast some doubt on the question, it nevertheless appears, in context, that appellant was simply setting forth the fee as an accounting matter. In view of RCW 11.68.010, which provides that an executor seeking a closing decree must satisfy the court that all debts have been paid, it was appropriate that the court be

apprised of the fee, as an expense of the estate. In addition, RCW 11.52.010 requires that the court be satisfied that administration expense has been paid or provided for before decreeing an award in lieu of homestead. Under these circumstances, disclosure of the amount was entirely proper.

Furthermore, we note that respondents' objection was not presented to the court as a matter of "over-reaching" by appellant's attorney. As a matter of fact, we find nothing in the record to indicate that the fee charged, to wit, $2,800, was at all unreasonable. Apparently the trial judge agreed, stating:

> Now, on the question of fees, I am going to reduce your fee, Mr. Doherty, to the minimum fee for the reason—not that you haven't earned it, I would say that you probably earned considerably more than the minimum fee of, I think $2,300 . . ."

The record is silent as to the court's reason for the reduction.

■ The fourth objection involves appellant's petition for an award in lieu of homestead. RCW 11.52.010 provides that a surviving spouse is entitled to an award in lieu of homestead in an amount of $10,000 from either the community property or the separate property of the deceased. It appears that on several occasions during the marriage appellant stated to the respondents, and to a neighbor, that any separate property of his and Sadie's was to be kept separate, and that upon death his separate property was to go to his son (from a prior marriage) and that Sadie's separate property was to pass to her children (respondents). Respondents claim that by such statements appellant has waived any right of a homestead award from the separate estate of decedent.

The trial court, in its decree of distribution, discusses and interprets this evidence as follows:

> It was the understanding of the decedent and the petitioner throughout their marriage that the separate property of each should pass to the surviving children of each. During the married life of the petitioner and the

decedent, he referred to this agreement many times and stated and re-stated it in the presence of the decedent and in the presence of the decedent's children and others. The decedent was entitled to rely on this understanding of the parties and the petitioner's repeated statements in connection therewith and was lulled into a sense of security by the petitioner's statements on this subject and the petitioner, by his acts and conduct in this respect, waived and relinquished his right to claim a homestead exemption after her death.

We disagree. Homestead allowance enjoys a high priority under Washington law, as it does in other jurisdictions. *See* Annot., 9 A.L.R.3d 955, 961 (1966). We have noted in past decisions that such award allowances give an absolute right. *In re Estate of Welch,* 200 Wash. 686, 94 P.2d 758 (1939). And we have stated that a surviving spouse is entitled to such a grant when he complies with all the conditions contained in the statutes authorizing the grant. *Cody v. Herberger,* 60 Wn.2d 48, 371 P.2d 626 (1962). We have also noted that such allowances against the estate are preferred, just as other debts are preferred, and that as such a judicial duty is imposed which compels the setting aside of property. *In re Estate of Schiffner,* 174 Wash. 134, 24 P.2d 434 (1933). Absent the most clear and explicit language confirming a voluntary relinquishment of the award as a known right, a waiver will not be found. 92 C.J.S. *Waiver* p. 1041 (1955); *Reynolds v. Travelers Ins. Co.,* 176 Wash. 36, 28 P.2d 310 (1934). While we can conceive of a possible set of circumstances in which a waiver could be found without an express written document, such circumstances are not present here. There is no evidence that appellant knew of the right to a homestead award, much less that he intentionally surrendered it. More consistent with the facts is the conclusion that the separate property of each was to be willed directly to their respective children, which was in fact done by Sadie Boston. Since the award in lieu of homestead is not affected thereby, there was no waiver.

■ Nor does an estoppel theory apply. Three things must occur to create an equitable estoppel:

(1) An admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

*Peplinski v. Campbell,* 37 Wn.2d 857, 861, 226 P.2d 211 (1951). As we indicated above, appellant's statements concerning the passing of separate property are not inconsistent with a claim for an award in lieu of homestead. Additionally, we find no evidence that either the respondents or the decedent, in reliance on these statements, acted any differently than they would have otherwise.

■ Respondents argue that the purpose behind the homestead allowance is to prevent dependency on the part of the surviving spouse, and that since appellant has sufficient separate property he is not entitled to this allowance. While this may have been the legislative purpose behind this allowance, such a showing of dependency has not been made a condition precedent to the awarding of the allowance either by the legislature or the courts. These allowances are created by law and are preferred just as other debts are preferred and are not subject to collateral conditions. *In re Estate of Poli,* 27 Wn.2d 670, 179 P.2d 704 (1947).

In accordance with the above, we affirm the trial court in its denial of survivorship to the joint bank account, and its assessment of rent for the use of the estate's real property, but we reverse on the other two issues. Appellant is entitled to an award in lieu of homestead pursuant to RCW 11.52.010, and to an attorney's fee of $2,800.

We remand for entry of a modified decree.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, and WRIGHT, JJ., and OTT, J. Pro Tem., concur.