[No. 1413-1.     Division One—Panel 2.     March 5, 1973.]

LUCILLE C. MYERS, *Appellant*, v. JACK D. MYERS, *Individually and as Executor, Respondent.*

*Jonson & Jonson* and *Henry H. Hurley,* for appellant.

*Anderson, Stead & Sampson* and *Theodore E. Sampson,* for respondent.

HOROWITZ, J.—The question presented is whether, in the probate of a nonintervention will, a petition for an award in lieu of homestead filed under RCW 11.52.010 may be granted if filed subsequent to the closing of the estate and the filing of a certificate of completion under RCW 11.68.010. The court below held the petition and suit to be untimely filed and denied an award. The surviving widow appeals.

William D. Myers died testate on December 7, 1968, leaving surviving the plaintiff, Lucille C. Myers, his widow, and the defendant, Jack D. Myers, his son. Plaintiff is defendant's stepmother. Decedent's will named defendant as exec-

utor and sole beneficiary. On December 18, 1968, the will was admitted to probate in King County cause No. E-197357, and an order was entered appointing defendant executor.

Notice of the appointment and of the pendency of the probate proceedings was inadvertently mailed to the widow at a wrong address. It is undisputed, however, that shortly after the admission of the will to probate, the executor's attorney informed plaintiff "that the Will had been filed and that probate proceedings were pending." The court found that plaintiff widow "knew said probate was pending in King County, Washington and that she was represented by her own counsel during the pendancy of said probate."

An order of solvency was entered June 13, 1969. Defendant completed the probate proceedings and a certificate of completion of probate was filed on February 17, 1970.

On October 20, 1970, plaintiff filed a petition for a $10,000 award in lieu of homestead in the closed King County probate cause No. E-197357. On the same date she filed the suit below to obtain such an award. In that suit she sought alternative forms of relief. She prayed that defendant be reappointed as executor and that she be permitted to file a petition for the award; alternatively, that she be appointed administratrix de bonis non with will annexed; that the declaration of completion be vacated and that she be allowed the $10,000 award from estate assets. Alternatively, she prayed for judgment in the sum of $10,000 against the defendant individually and as executor of the estate.

Following trial, the court found "That there is no claim of fraud or other acts which prevented plaintiff from timely claiming any right to a homestead or an Award in Lieu of Homestead." The court concluded plaintiff's claim for relief was untimely asserted and entered the judgment of dismissal from which this appeal is taken.

Plaintiff contends that under RCW 11.52.010 she is entitled to an award at any time within 6 years after decedent's death even if her petition or suit is filed after the

probate administration is closed by the filing of a certificate of completion of probate pursuant to RCW 11.68.010. The question raised is not expressly answered by our probate code. However, it is pointed out in *In re Estate of Langill,* 117 Wash. 268, 201 P. 28 (1921):

> In this state, the administration of estates is wholly statutory, and we feel free to give the statutes that construction which in our judgment will best accord with their purpose and spirit.

117 Wash. at 270.

Provision for an award in lieu of homestead is likewise statutory. RCW 11.52. An award in lieu of homestead is not available unless a petition is filed therefor. *Francon v. Cox,* 38 Wn.2d 530, 540, 231 P.2d 265 (1951). *See In re Estate of Boston,* 80 Wn.2d 70, 75, 491 P.2d 1033 (1971); *Cody v. Herberger,* 60 Wn.2d 48, 50, 371 P.2d 626 (1962).

Conventional and nonintervention will probate administration following admission of a will to probate provide the machinery for the collection of estate assets, the payment therefrom of expenses, claims and taxes, and the distribution of the remaining assets to estate beneficiaries. 33 C.J.S. *Executors and Administrators* §§ 1, 3 (1942); 31 Am. Jur. 2d *Executors and Administrators* § 6 (1967). RCW 11.48.010 and the public interest, in both conventional and nonintervention will administration, require that there be prompt and expeditious settlement of estates. *National Bank of Commerce v. Peterson,* 179 Wash. 638, 644, 38 P.2d 361 (1934). The policy of expeditious administration is also evident from the relatively short time requirements imposed by the probate statutes concerning the completion of steps in probate.[1] RCW 11.68, dealing with the settlement

---

[1] *E.g., see* RCW 11.28.120, .030 (application as personal representative); RCW 11.28.237 (notice to heirs); RCW 11.44.015 (time for filing inventory); RCW 11.40.150 (notice on resignation, death or removal of personal representative); RCW 11.40.010 (filing of creditors' claims); RCW 11.40.030 (allowance or rejection of creditors' claims); RCW 11.40.060 (suit on rejected claims); RCW 11.24.010 (filing of will contests); RCW 11.76.010-.050 (report requirements, including final reports).

of estates without administration, and RCW 11.52, dealing with family support provisions including awards in lieu of homestead, are consistent expressions of the statutory policy of expeditious settlement of estates in probate.

The personal representative, in order to discharge his duties with expedition, can do so only if he knows what estate assets may or must be used to pay expenses, claims and taxes, and to make distributions to beneficiaries. *See In re Estate of Offield,* 7 Wn. App. 897, 503 P.2d 767 (1972). Without the required knowledge, he is under the necessity of delaying payments and distributions until such knowledge is finally obtained. Premature payment out of estate assets may well result in his becoming personally liable for paying or distributing estate assets. Furthermore, those paid or those to whom distributions are made will or may be subject to the overhanging possibility of being required at a later date to repay to the estate, or to those entitled thereto, in whole or in part, sums or property received so that a claim of a higher priority may be satisfied. Thus, if under RCW 11.52.010 a surviving widow may delay filing a petition or making a claim for an award in lieu of homestead for a period of 6 years following the death of the decedent, payments and distributions may have to be delayed until the 6-year period expires or the right to file a petition is earlier waived. In the instant case, for example, plaintiff, who filed her petition and suit for an award approximately 8 months after the close of probate administration, now seeks as alternative relief a judgment for $10,000 against the defendant individually and as executor, the sum being that claimed as an award in lieu of homestead.

On the other hand, if the state's statutory policy of prompt and expeditious settlement is to be carried out, it is not unreasonable to require the surviving spouse, who knows of the pendency of probate in adequate time to file a petition under RCW 11.52.010, to do so prior to the closing of the estate. A petition is timely if filed prior to the closing of the estate. *See In re Estate of Still,* 117 Cal. 509, 49 P. 463 (1897). Or, where a decree of distribution is entered, a

petition is timely if filed prior to the entry of the decree. *See In re Estate of Schmelz,* 259 Cal. App. 2d 440, 66 Cal. Rptr. 480 (1968).[2] No statute or public policy mandatorily requires a surviving spouse to file a petition for an award in lieu of homestead whether or not she wishes so to do. She is given the right to file, but it is a right she may waive. *In re Estate of Brown,* 28 Wn.2d 436, 183 P.2d 768 (1947). Furthermore, it is a right which may be lost by delay without just cause or excuse in claiming the award.

The case here is not one of a surviving spouse who fails to file her petition for the award either because she does not know the probate proceedings are pending, or because she has other just cause for not filing her petition during the pendency of the probate. In *In re Estate of Anofian,* 178 Wash. 316, 34 P.2d 883 (1934), the court in upholding a homestead award impliedly suggested the necessity for timely application in these words:

> In this case, there is no allegation, nor is there any finding, of unnecessary delay or lack of good faith on the part of the surviving spouse in making his application.

178 Wash. at 318. Here the findings show that without just cause and with knowledge of the pendency of probate proceedings, and while represented by her own counsel, the surviving spouse waited until 8 months after the completion of a 14-month probate administration before she claimed an award in lieu of homestead.

Plaintiff also contends that if the petition for the award must be filed during probate administration, the administration must mean conventional administration and not nonintervention will administration. We do not agree. The necessity for expeditious probate administration is not less

---

[2]The reasons requiring the timely application for statutory allowances for support are somewhat similar, although not necessarily identical with the reasons requiring the timely application for an award in lieu of homestead. It should be noted that there is case support for the view that application for statutory support allowances must be denied as untimely if made after the close of probate administration. *E.g., In re Estate of Weidman,* 209 Iowa 603, 228 N.W. 571 (1930); *Andrews v. Brenizer,* 230 S.W.2d 787 (Mo. App. 1950).

great in nonintervention will probate administration than it is in conventional probate administration.

Defendant, in support of the judgment, argues that RCW 11.52.010, fixing a 6-year limitation period "from the date of death of the person whose estate is being administered," means that the 6-year period applies only if there is no administration or if the petition is filed while the estate is "being administered." The quoted language was adopted as an amendment to RCW 11.52.010 to prevent the repetition of what occurred in *In re Estate of Poli*, 27 Wn.2d 670, 179 P.2d 704 (1947). There an award in lieu of homestead was upheld although the petition therefor was filed 14 years after the death of the spouse. However, the petition in that case was filed while the probate proceedings were pending, the proceedings having been commenced about 14 years after decedent's death. It is to be noted that RCW 11.52.010, as amended, did not purport to make any change in the overall legislative scheme which contemplates the completion of steps to be taken during probate administration. We agree with the trial court's conclusion that under RCW 11.52.010, as amended, the petition for the award "must be made during the time the estate is being administered, or if there is no administration or the administration has not been completed, then within six years of the date of death."

The judgment is affirmed.

WILLIAMS and CALLOW, JJ., concur.