[No. 808-3.    Division Three.    April 2, 1974.]

*In the Matter of the Estate of* O. D. FUNDERBURK, *Deceased.*
MARY M. FUNDERBURK, *Appellant,* v. TOM E.
FUNDERBURK, *as Administrator,*
*Respondent.*

*Thomas A. Gish,* for appellant.

*Stanley S. Pratt* (of *Gavin, Robinson, Kendrick, Redman & Mays*), for respondent.

BARNETT, J.*—This is an appeal by Mary M. Funderburk from an order made in the estate of O. D. Funderburk, deceased, entered by the Superior Court of Klickitat County, denying her petition for an award in lieu of homestead.

On February 28, 1972, approximately 2 weeks prior to institution of divorce proceedings, appellant and decedent entered into a property settlement agreement. On the same date, deeds were executed and delivered, conveying real property to the respective parties in accordance with the agreement. On May 11, 1972, before the divorce could be obtained, O. D. Funderburk died. Decedent's will was admitted to probate June 28, 1972. On July 6, 1972, appellant petitioned the court to have all of the decedent's property set aside to her as an award in lieu of homestead. The trial

---

*Judge Dolph Barnett is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

court entered an order denying the petition for award in lieu of homestead, on the ground that it was the intention of the parties to the property settlement agreement to waive the right of homestead. The pertinent provisions of the property settlement agreement, from which the court concluded that the right to a homestead in this case had been waived, are as follows:

This Property Settlement Agreement shall be final and binding upon the parties hereto whether or not a decree of divorce is granted or obtained by either party, and neither party shall assert any claim or demand of or against the other party which is inconsistent or contrary to the terms hereof.

The parties hereto are not contracting that either one or the other shall obtain the divorce, but if a divorce is obtained by either party from the other, appropriate provisions shall be embodied therein obligating the parties hereto to carry out the terms of this agreement and to perform the same in accordance with the terms hereof.

From and after February 10, 1972, any and all property acquired by either of the parties hereto shall be his or her separate property and estate, and the other party shall have no interest therein.

This agreement is silent as to the surviving spouse's right to a homestead. RCW 11.52.010 provides in part as follows:

If it is made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court, after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, . . .

The effect of the agreement in the instant case is to divide their property, and provides further that any and all property acquired by either shall be his or her separate property, and that the other party shall have no interest therein.

It is the established law of this state that, absent

the most clear and specific language confirming a voluntary relinquishment of the award as a known right, waiver will not be found.

In a recent case, *In re Estate of Boston*, 80 Wn.2d 70, 75, 491 P.2d 1033 (1971), the Supreme Court laid down the following rules:

> Homestead allowance enjoys a high priority under Washington law, as it does in other jurisdictions. *See* Annot., 9 A.L.R.3d 955, 961 (1966). We have noted in past decisions that such award allowances give an absolute right. *In re Estate of Welch*, 200 Wash. 686, 94 P.2d 758 (1939). And we have stated that a surviving spouse is entitled to such a grant when he complies with all the conditions contained in the statutes authorizing the grant. *Cody v. Herberger*, 60 Wn.2d 48, 371 P.2d 626 (1962). We have also noted that such allowances against the estate are preferred, just as other debts are preferred, and that as such a judicial duty is imposed which compels the setting aside of property. *In re Estate of Schiffner*, 174 Wash. 134, 24 P.2d 434 (1933). Absent the most clear and explicit language confirming a voluntary relinquishment of the award as a known right, a waiver will not be found. 92 C.J.S. *Waiver* p. 1041 (1955); *Reynolds v. Travelers Ins. Co.*, 176 Wash. 36, 28 P.2d 310 (1934). While we can conceive of a possible set of circumstances in which a waiver could be found without an express written document, such circumstances are not present here. There is no evidence that appellant knew of the right to a homestead award, much less that he intentionally surrendered it. More consistent with the facts is the conclusion that the separate property of each was to be willed directly to their respective children, which was in fact done by Sadie Boston. Since the award in lieu of homestead is not affected thereby, there was no waiver.

The Supreme Court of this state has had this question before it several times. Some of the cases are as follows:

In *In re Estate of Schwarzwalter*, 47 Wn.2d 119, 286 P.2d 699 (1955), the parties entered into an extended antenuptial agreement relating to their separate property, in which they agreed not to claim any homestead in the separate property of the other, and the court held that this did not

constitute a waiver by the widow of her statutory right to claim a family allowance.

In *In re Estate of Chisholm,* 159 Wash. 674, 294 P. 973, 76 A.L.R. 279 (1930), the court held that a property settlement between the parties to a divorce action does not estop the widow from claiming a homestead allowance from the estate of the husband upon his death prior to the final decree of divorce. In the above case, the court cited with approval *Deeble v. Alerton,* 58 Colo. 166, 143 P. 1096 (1914), which held that where a husband and wife had executed a special agreement providing that neither should have nor claim any part of the other's estate, but containing no plain provision that the wife waived her widow's allowance in case of the husband's death, there was no waiver and the separation agreement was no bar to its allowance.

In *In re Estate of Garrity,* 22 Wn.2d 391, 399, 156 P.2d 217 (1945), the surviving spouse lost in her bid to be appointed administratrix with the will annexed because the property settlement agreement made their community property the separate property of her deceased husband. In that case we find the following provision:

"It is further agreed between the parties hereto that this property settlement shall be final and conclusive between the parties hereto regardless of whether or not either party hereto may die before the Interlocutory Decree of Divorce shall become final."

*In re Estate of Brown,* 28 Wn.2d 436, 183 P.2d 768 (1947), involved marriage followed by a property settlement agreement, followed by an interlocutory decree of divorce, followed by the husband's death. Prior to the husband's death, the parties executed necessary documents to carry out the terms of the agreement. The agreement contained the following language:

It is hereby agreed by the parties hereto that this property settlement shall be final and conclusive between the parties hereto, regardless of whether or not either party hereto may die before the Interlocutory Decree of Divorce shall become final.

It is further stated in *Brown,* at page 440:

In the light of that recitation, [regardless of whether either party died prior to the time the interlocutory decree of divorce became final] in conjunction with the agreement of the parties that the property divided and made separate property by the instrument shall be free and clear of all claims whatsoever on the part of the other party, and that "this agreement shall be binding on each of the parties hereto, his heirs and assigns forever," it is clear the parties meant to make sure that the division of the property should stand and that each should dispose of that separate property as if either were unmarried.

In *In re Estate of Taylor,* 248 Ore. 538, 436 P.2d 256, 30 A.L.R.3d 849 (1968), the Oregon Supreme Court held that an agreement in derogation of a spouse's right to a homestead and exempt property must be strictly construed, and a waiver should not be found unless clear and explicit, and the court held that the "expressed waiver by the petitioner of any claim, not only as heir, but also as widow, evinces an intention to waive her right to a widow's allowance and the right to occupy the dwelling of the parties for a year after her husband's death."

The court further said at page 548:

Similar language has been given that effect in several decisions of the California courts, as, for example, "[full] satisfaction of all her marital claims," *In re Noah,* 73 Cal 583, 15 P 287, 2 Am St Rep 829; "relinquishes all right, as his wife, in law or equity, or by descent," *Wickersham v. Comerford,* 96 Cal 433, 31 P 358; relinquish all claim "as such heir, or as surviving husband or wife, respectively," *Estate of Yoell,* 164 Cal 540, 129 P 999; relinquishes "all rights which, as widow of party of the first part, she might otherwise have," *Estate of Schwartz,* 79 CA2d 308, 179 P2d 868; "the survivor of us shall not have a claim against the estate of the other," *Estate of Brisacher,* supra. Cf. *Estate of Bidigare,* 215 Cal 28, 8 P2d 122, where, in holding that the widow had not waived her right to her family allowance, the court said that the agreement there in question "does not in terms waive or purport to waive any claim as surviving widow, as was the case in *Estate of Yoell* [supra]." 215 Cal at 30.

It is urged by respondent that to allow appellant's claim in the instant case would not only permit her to keep the property which she received in the bargain, but also to regain the very consideration she gave to the decedent in the bargain. This argument is not meritorious. In *In re Estate of Welch,* 200 Wash. 686, 94 P.2d 758 (1939), the court held that, under Rem. Rev. Stat., §§ 1473 and 1474, the fact that the claimant was married only 4 hours before the decedent's death, or that the award would diminish the distributive share of an incompetent minor, may not be taken into consideration since the widow's right to the award is absolute and not subject to collateral conditions or to be enforced by countervailing equities.

In the case at bar, there is no recital in the property settlement agreement mentioning the homestead right, and there is nothing in the agreement which indicates the parties contemplated the death of a spouse prior to the entry of the decree of divorce.

As stated in *In re Estate of Boston, supra,* homestead allowance enjoys a high priority under Washington law; and in view of our state's policy favoring the right claimed and the possibility of reconciliation of the parties to the property settlement agreement under review, and since the language of the property settlement agreement under review does not in any way contemplate death, the respondent as a matter of law has not sustained his burden of establishing waiver by the most clear and explicit language.

Judgment is reversed.

GREEN, C.J., and McINTURFF, J., concur.